IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARY GUAJARDO, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | CIVIL ACTION NO. H-10-2024 |
| § | MEMBER CIVIL ACTION NOS. |
| FREDDIE RECORDS, INC., et al., § | H-10-2995 and H-11-1774 |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION**

Pending in this case that has been referred pursuant to 28 U.S.C. § 636 (b)(1)(A) and (B) are Defendants Anthony Juarez, III, Individually and Juarez & Company LLC's 12(b)(6) Motion to Dismiss for Failure to State a Claim and in the alternative Motion for More Definite Statement (Document No. 91) and Defendants Arnold G. Gonzalez and Gonzalez & Gonzalez, L.L.P.'s 12(b)(6) Motion to Dismiss or Alternatively Motion for More Definite Statement (Document No. 105). Having considered the motions, the responses and additional briefing, the allegations in Plaintiffs' Third Amended Complaint, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the two Motions to Dismiss (Document Nos. 91 and 105) be GRANTED in PART and DENIED in PART.

I. **Background and Procedural History**

On June 8, 2010, Plaintiff Gary Guajardo filed suit against Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., and John Martinez for copyright infringement, breach of contract, fraud, negligence, and misappropriation of name, image, and likeness. (Document No. 1). Since then, Plaintiff Gary Guajardo successfully moved to consolidate his case with two similar

cases, and through two amendments added more defendants on April 4, 2011 (Document No. 28) and February 28, 2012 (Document No. 90). Plaintiffs' Third Amended Complaint, *id.*, contains allegations against two general categories of Defendants: the "Martinez Defendants," all of whom appear to be related in one manner or another to Freddie Records, Inc. and Freddie Martinez, Sr., and the "Attorney/Accountant Defendants," which is comprised of attorney(s) Arthur G. Gonzalez and Gonzalez & Gonzalez, LLP, and accountants Anthony Juarez, II and Juarez and Company, LLC. Though Plaintiffs' allegations are based in copyright infringement, they also bring a significant number of state law claims, including: breach of contract, misappropriation of name, image, and likeness, fraud, fraudulent transfer, negligence, and conspiracy. *Id.*

Early in the litigation, Defendants Freddie Records, Inc. and Freddie Martinez, Sr. filed bankruptcy, and the Court ordered an automatic stay of proceedings against both Defendants (Document Nos. 23 & 86). In addition, all fraudulent transfer claims against all defendants were also stayed pending the resolution of the bankruptcy proceedings (Document No. 88).

In their Motions to Dismiss, the Attorney/Accountant Defendants argue that Plaintiffs have failed to state claims against them for copyright infringement, negligence, conspiracy and racketeering. Plaintiffs, in response, represent that they have only alleged claims against the Attorney/Accountant Defendants for fraudulent transfer, which claims have been stayed but not dismissed, and conspiracy.

## II. Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. 556-57; *Iqbal*, 129 S.Ct. at 1950-51.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Id.*

### III.  Discussion

Plaintiffs' Third Amended Complaint alleges, as against the Attorney/Accountant Defendants, claims of fraudulent transfer, negligence and conspiracy. Third Amended Complaint

(Document No. 90) at 20-21, 22. As there are no claims against the Attorney/Accountant Defendants for copyright infringement or racketeering, and as Plaintiffs' Responses to the Motions to Dismiss make it clear that they are not asserting such claims against the Attorney/Accountant Defendants, *see* Responses to Motions to Dismiss (Document Nos. 109 & 124) at 9-10, and 8, 10, respectively, that part of the Attorney/Accountant Defendants' Motions to Dismiss should be DENIED as MOOT.

With respect to the negligence claim, while Plaintiffs dispute that they have asserted, or intended to assert, a negligence claim against the Attorney/Accountant Defendants, *see* Responses to Motions to Dismiss (Document Nos. 109 & 124) at 9, there are allegations in Plaintiffs' Third Amended Complaint that could be construed as asserting a negligence claim against the Attorney Accountant Defendants. Plaintiffs refer in their Third Amended Complaint to "Defendants" collectively in alleging that their conduct "is negligent and grossly negligent" and that "Defendants failed to exercise ordinary care to assure that the rights of others weren't damaged in the course of Defendants' activities." Plaintiffs' Third Amended Complaint (Document No. 90) at 20-21. Notwithstanding those allegations, based on Plaintiffs' statements and representations in their Responses to the Motions to Dismiss that "Plaintiffs have not filed negligence claims against [the Attorney/Accountant Defendants]," *see* Responses to Motions to Dismiss (Document Nos. 109 & 124) at 9, any negligence claim and/or allegations as against the Attorney/Accountant Defendants should be DISMISSED.

Finally, as for Plaintiffs' conspiracy claim, while Plaintiffs did assert a conspiracy claim against the Attorney/Accountant Defendants, and did intend to assert such a claim, Plaintiffs' allegations do not meet *Twombly's* heightened pleading standard. Civil conspiracy is a "derivative tort," meaning that "a defendant's liability for conspiracy depends on participation in some

4

underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). Further, because conspiracy itself requires intent, the underlying tort for conspiracy must be an intentional tort. *Firestone Steel Prods. v. Barajas*, 927 S.W.2d 608, 617 (Tex. 1996).

Here, while Plaintiffs have not alleged in the Third Amended Complaint, vis-à-vis the Attorney/Accountant Defendants, an intentional tort attendant to which their conspiracy claim is based, *see* Plaintiffs' Third Amended Complaint (Document No. 90) at 22, Plaintiffs argue that their conspiracy claim is grounded in their fraud and fraudulent transfer claims. Plaintiffs additionally argue that given the stay of the fraud claims, their attendant conspiracy claim is not subject to dismissal.

As is set forth above, all the fraud/fraudulent transfer claims have been stayed. (Document No. 88). Based on that stay, which affects Plaintiffs' ability to re-plead their fraud-based claims, including their conspiracy claim, the conspiracy claim is not subject to dismissal under FED. R. CIV. P. 12(b)(6) at this time.

IV.    **Conclusion and Recommendation**

Based on the foregoing, the Magistrate Judge

RECOMMENDS that the Attorney/Accountant Defendants' Motions to Dismiss or alternatively Motions for More Definite Statement (Document Nos. 91 and 105) be GRANTED in PART and DENIED in PART; that the Attorney/Account Defendants' Motion to Dismiss the copyright infringement and racketeering claims be DENIED as MOOT based on the fact, and Plaintiffs' representations, that neither a copyright infringement nor a racketeering claim has been

alleged against the Attorney/Accountant Defendants; that the Attorney/Accountant Defendants' Motions to Dismiss the negligence claims be GRANTED; and that the Attorney/Accountant Defendants' Motions to Dismiss the conspiracy claim(s) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 28th day of August, 2012.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE