IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARY GUAJARDO, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | CIVIL ACTION NO. H-10-2024 |
| § | MEMBER CIVIL ACTION NOS. |
| FREDDIE RECORDS, INC., et al., § | H-10-2995 and H-11-1774 |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION**

Pending in this case that has been referred pursuant to 28 U.S.C. § 636 (b)(1)(A) and (B) is the Martinez Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint or in the Alternative Motion for More Definite Statement (Document No. 92). Having considered the motion, the response, the allegations in Plaintiffs' Third Amended Complaint, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Martinez Defendants' Motion to Dismiss be GRANTED in PART and DENIED in PART, and that the alternative Motion for More Definite Statement be GRANTED.

**I.     Background and Procedural History**

This is essentially a copyright infringement case. Plaintiffs are either musicians, or heirs/representatives of musicians, who claim that Defendants have used their "musical compositions and sound recordings without obtaining the appropriate licenses or permission." Third Amended Complaint (Document No. 90) at 16. Through several amendments, and the consolidation of two related cases, Civil Action Nos. H-10-2995, and H-11-1774, this case now has eight plaintiffs, and twenty-three defendants. From the outset, however, the main, targeted defendants were: Freddie

Records, Inc. n/k/a Big F, Inc., and Freddie Martinez, Sr., both of whom have filed for bankruptcy and against whom all claims have now been stayed. (Document No. 23 & 86). In addition, as to all the remaining defendants, the fraud, fraudulent transfer and constructive trust claims have been stayed. (Document No. 88). That leaves currently pending Plaintiffs' claims against the Martinez Defendants[1] of copyright infringement, breach of contract, declaratory judgment, misappropriation of name, image and likeness, negligence, and conspiracy, alter ago and pattern of wrongful activity. The Martinez Defendants seek dismissal of those claims pursuant to FED. R. CIV. P. 12(b)(6).

## II. Standard of Review

### A. Rule 12(b)(6)

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for

---

[1] The "Martinez Defendants" are all individuals and entities that appear to be related to Freddie Martinez, Sr. and Freddie Records, Inc., the two Defendants who are in bankruptcy and against whom all proceedings have been stayed. As defined by Plaintiffs in their Third Amended Complaint, the Martinez Defendants include: Freddie Records, Inc. n/k/a Big F, Inc.; Freddie Martinez, Sr.; Freddie Martinez, Jr.; John Martinez; Marc J. Martinez; JoAnn Martinez; Lee Martinez, Jr.; Brothers Trei, Ltd., Sterling Management, Inc.; A.R. Martinez Family Limited Partnership; Martzcom Music, L.L.C.; Marfre L.L.C.; Discos Freddie S.A. de C.V.; John Martinez, L.L.C.; SCMP, L.L.C.; Purple Sky Enterprises, L.L.C.; John Martinez as Custodian for Elizabeth Martinez, Lauren Martinez, and Madeline Martinez; Martinez Land and Buffalo Company, L.L.C.; and ELM Land and Buffalo Company, LLC.

the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

### B. More Definite Statement

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A party seeking a more definite statement "must point out the defects complained of and the details desired." *Id.* Whether to grant a motion for more definite statement is left to the "sound and considered discretion" of the "Trial Judge as he presides over the continuous process of adjudication from commencement of the litigation through pleadings, pretrial

3

discovery, trial, submission and decision." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

### C. Amendment

Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies. . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 331 F.3d 305, 329 (5th Cir. 2002).

## III. Discussion

### A. Copyright Infringement Claim(s)

In the copyright infringement claim against the Martinez Defendants, Plaintiffs allege that they "wrote the music and lyrics for numerous original compositions, all of which are copyrightable under the laws of the United States," that Plaintiffs "have complied with, or are complying with, the statutory registration and deposit requirements of the Federal Copyright Act of 1976 as [to] the works at issue," that "the Martinez Defendants intentionally continue to use Plaintiffs' original musical compositions and sound recordings without obtaining the appropriate licenses or permission from Plaintiffs," that "Plaintiffs never executed a written assignment of copyrights or ownership in their musical compositions and sound recordings," and that "the Martinez Defendants willfully infringed and continue to willfully infringe upon Plaintiffs' common law and statutory copyrights."

Third Amended Complaint (Document No. 90) at 16-17. Plaintiffs seek "a finding that Plaintiffs are the owners of said copyrights," and damages associated with the alleged infringement thereof.

The Martinez Defendants, in their Motion to Dismiss or for More Definite Statement, argue that Plaintiffs' copyright infringement claims are subject to dismissal under Rule 12(b)(6) because "Plaintiffs' Third Amended Complaint fails to plead registration or the Copyright Office's receipt of an application for registration." Motion to Dismiss (Document No. 92) at 16. In addition, the Martinez Defendants argue that Plaintiffs' allegations of copyright infringement are conclusory and fail to "1) identify the particular copyrighted work at issue; (2) identify the [constituent] element[s] of the work[s] that were copied; 3) identify who copied the [constituent] elements; 4) identify how the [constituent] element[s] were copied; and 5) when the [constituent] element was copied." *Id.* at 17.

Pursuant to 17 U.S.C. § 411(a), "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." In the absence of a copyright registration, or a pending application for such, a copyright infringement claim is subject to dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a claim. *Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*, 422 Fed. Appx. 344, 348, 2011 WL 1453929 *3 (5th Cir.), *cert. denied*, 132 S.Ct. 249 (2011)..

Here, there is no direct or particularized allegation by Plaintiffs that they have either registered their copyrights or have made applications for such. What Plaintiffs have alleged is that they have "complied with, or are complying with, the statutory registration and deposit requirements of the Federal Copyright Act of 1976 as [to] the works at issue [in this case]" Third Amended Complaint (Document No. 90) at 16. In considering a Rule 12(b)(6) motion, these allegations are

to be taken as true. So taken, Plaintiffs have alleged their compliance with the registration/deposit requirements of 17 U.S.C. § 411(a).

As for the Martinez Defendants' complaints that Plaintiffs have pled nothing more than conclusory allegations of copyright infringement, taking all of Plaintiffs' factual allegations as true, and in a light most favorable to Plaintiffs, Plaintiffs have stated a claim for copyright infringement against the Martinez Defendants. Plaintiffs have identified the works that are subject to copyright protection, and have alleged the Martinez Defendants used, and continue to use, those works without permission or authorization. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003) (the elements of a copyright infringement claim are "(1) ownership of a valid copyright and (2) actionable copying, which is the copying of constituent elements of the work that are copyrightable."). While Plaintiffs have not alleged what each of the Martinez Defendants independently did that constitutes infringement, Plaintiffs do allege that the Martinez Defendants have acted in concert and that the "the Martinez Defendants and their various entities and enterprises are alter egos of each other." Third Amended Complaint (Document No. 90) at 22. Given these allegations, Plaintiffs' copyright infringement claim is not subject to dismissal under Rule 12(b)(6). *See e.g. Price v. New Light Church*, Civil Action No. 4:10-cv-2540, 2011 WL 1376745 at *3-4 (S.D. Tex. 2011) (Ellison, J) (finding that reference to several defendants collectively did not warrant the dismissal of the plaintiff's copyright infringement claims).

The Martinez Defendants are, however, entitled to a more definite statement of Plaintiffs' copyright infringement claim(s). *See id.* (requiring plaintiff to file a more definite statement of her copyright claims to address the "ambiguity regarding the identity of the precise composition of the Defendants that allegedly committed the wrongful acts"). In particular, each defendant is entitled

to know how they are alleged to have infringed on Plaintiffs' copyrights and what actions or conduct, as to each copyrighted work, constitutes infringement. Although this information may be obtained through discovery, each defendant is entitled to fair notice, through the pleadings, of the conduct Plaintiffs are alleging support their claim of copyright infringement as against each defendant. This particularly so given that two of the defendants who make up what Plaintiffs refer to collectively in their pleadings as the "Martinez Defendants" are in bankruptcy and all claims against them have been stayed.

### B. State Law Claims

Plaintiffs have asserted state law claims against the Martinez Defendants of misappropriation of name, image and likeness, breach of contract, negligence and conspiracy. In addition to arguing that Plaintiffs have not pled their state law claims with the sufficiency or plausibility required by *Twombly*, the Martinez Defendants argue that the state law claims are pre-empted by the Copyright Act.

Under 17 U.S.C. § 301(a), state laws or state law claims that create "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of the copyright as specified by section 106" are preempted by the Copyright Act. Section 106 of the Copyright Act grants copyright owners the "exclusive" rights to reproduce, distribute, perform and display the copyrighted work.[2] In determining what state law claims are preempted, the two-part test set forth

---

[2] 17 U.S.C. § 106 provides:
Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
(1) to reproduce the copyrighted work in copies or phonorecords;
(2) to prepare derivative works based upon the copyrighted work;

7

in *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003) is utilized. Under that two part test, the state law cause of action "is examined to determine whether it falls 'within the subject matter of copyright' as defined by 17 U.S.C. § 102." *Id.* Section 102 defines the "subject matter of copyright" as follows:

> (a) Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include the following categories:
>
>> (1) literary works;
>>
>> (2) musical works, including any accompanying words;
>>
>> (3) dramatic works, including any accompanying music;
>>
>> (4) pantomimes and choreographic works;
>>
>> (5) pictorial, graphic, and sculptural works;
>>
>> (6) motion pictures and other audiovisual works;
>>
>> (7) sound recordings; and

---

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;

(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and

(6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

>    (8) architectural works.
>
>    (b) In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

17 U.S.C. § 102 If the state law cause of action is based on or relates to the "subject matter of copyright," then the state law cause of action is "examined to determine if it protects rights that are equivalent to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106." *Carson*, 344 F.3d at 456 (citing *Gemcraft Homes, Inc. v. Sumurdy*, 688 F.Supp. 289, 294 (E.D. Tex. 1988)). If the state law cause of action is "equivalent," it is preempted by the Copyright Act; if it is not "equivalent," it is not preempted.

A state law cause of action is not "equivalent" if "'one or more qualitatively different elements are required to constitute the state-created cause of action being asserted.'" *Id.* (quoting *Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 787 (5th Cir. 1999)). In other words, equivalence is determined by comparing the qualitative elements of the state law cause of action with the qualitative elements of a claim for copyright infringement. If the qualitative elements are the same, the state law cause of action is equivalent to a claim of copyright infringement and is preempted. *Carson*, 344 F.3d at 456-57.

Here, applying the two-part test set forth in *Carson*, it is clear that Plaintiffs' claims are based on, or relate to, Plaintiffs' alleged copyrighted works. Plaintiffs' state law causes of action for misappropriation, breach of contract, and negligence, however, are not, as they have been pled, equivalent to claims of copyright infringement. As set forth more fully below, Plaintiffs' misappropriation, breach of contract and negligence claims all have qualitatively different elements

than a claim of copyright infringement. In addition, with respect to the misappropriation claim, it is not the copyright that is at issue, but the Martinez Defendants' alleged use of Plaintiffs' names, images and likenesses to further their alleged copyright infringement. *See Brown v. Ames*, 201 F.3d 654, 656 (5th Cir.) (a claim of misappropriation of name image or likeness is not preempted by the Copyright Act because a name or likeness is not copyrightable), *cert. denied*, 531 U.S. 925 (2000). As for the breach of contract claim, courts have generally concluded that such claims are not preempted by the Copyright Act because they involve a contract promise, "an element in addition to mere reproduction, distribution or display." *Taquino v. Teledyne Monarch Rubber*, 893 F.3d 1488, 1501 (5th Cir. 1990), *cited with approval in Real Estate Innovations, Inc.*, 422 Fed. Appx. at *349. The same holds true in this case given Plaintiffs' allegations that the Martinez Defendants "failed to comply with the terms of their agreements with Plaintiffs." Third Amended Complaint (Document No. 90) at 17. Finally, the negligence claim is based on the Martinez Defendants' failure to implement and use reasonable mechanisms "to monitor and document the manufacturing, distribution [and] sales" of Plaintiffs' works. Third Amended Complaint (Document No. 90) at 20. Because the elements of Plaintiffs' misappropriation, breach of contract and negligence claims are qualitatively different than the elements of Plaintiffs' copyright infringement claim, such claims are not preempted by the Copyright Act.

Whether such claims have been sufficiently alleged under *Twombly* and *Iqbal* is a separate inquiry.

### 1. Misappropriation

In support of their claim of misappropriation of name, image and likeness, Plaintiffs allege that the "Martinez Defendants have exploited the name, images, and likenesses of Plaintiffs without

express written permission. Specifically, the Martinez Defendants have used Plaintiffs' names, images, and likenesses to promote Defendants' own unauthorized exploitation of Plaintiffs' Works." Third Amended Complaint (Document No. 90) at 18.

The elements of a state law claim for misappropriation of name, image or likeness are: "(i) that the defendant appropriated the plaintiff's name or likeness for the value associated with it, and not in an incidental manner or for a newsworthy purpose; (ii) that the plaintiff can be identified from the publication; and (iii) that there was some advantage or benefit to the defendant." *Matthews v. Wozencraft* 15 F.3d 432, 437 (5th Cir. 1994). Here, taking Plaintiffs' allegations in the Third Amended Complaint as true, and in a light most favorable to Plaintiffs, a claim has been stated for misappropriation of name, image or likeness. Plaintiffs allege that the Martinez Defendants have used their names, images and likenesses, and that the Martinez Defendants did so to further their sales of Plaintiffs' copyrighted works. While Plaintiffs' allegations do not identify, on a defendant-by-defendant basis, the actions supporting the misappropriation claim, neither *Twombly* or *Iqbal* require such pleading, particularly where there are allegations that the Martinez Defendants were all acting in concert, with their various entities and enterprises all being alter egos of each other. Plaintiffs' state law claim of misappropriation of name, image and likeness is therefore not subject to dismissal under Rule 12(b)(6).

The Martinez Defendants are, however, entitled to a more definite statement of that claim. In particular, the Martinez Defendants are entitled to know how each defendant is alleged to have misappropriated each Plaintiff's name, image or likeness.

## 2. Breach of Contract

In support of their breach of contract claim against the Martinez Defendants, Plaintiffs allege that the "Martinez Defendants failed to comply with the terms of their agreements with Plaintiffs . . . failed to protect Plaintiffs' Works and the rights therein, failed to remit to Plaintiffs the revenue derived from exploitation of Plaintiffs' Works, and failed to provide Plaintiffs with a proper accounting." Third Amended Complaint (Document No. 90) at 17.

In Texas, the elements of a breach of contract claim include: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Here, a careful review of the allegations in the Third Amended Complaint reveals no allegation of a valid contract as between most of the Plaintiffs and the Martinez Defendants. In particular, with respect to many of the Plaintiffs, the allegations are that there were no contracts or agreement:

> Hugo Cesar Guerrero: . . . . Plaintiff never signed a contract or entered into a songwriting agreement, recording agreement, or producing agreement with any of the Defendants. . . .
>
> Ysidro Ortiz, Jr.: . . . . Ortiz never entered any agreement, recording agreement, or producing agreement with any of the Defendants. . . .
>
> Arturo Rene Serrata: . . . Serrata never signed a recording or songwriting agreement at any time with any of the Martinez Defendants. . . .

Plaintiffs' Third Amended Complaint (Document No. 90) at 11, 13, 15. With respect to another Plaintiff, all that is alleged is that the Martinez Defendants made them certain "promises":

> Gary Guajardo: . . . . The Martinez Defendants falsely represented to Guajardo that if he conveyed possession of his Works to them, it would be to his financial benefit **and misrepresented the Martinez Defendants' intentions, obligations and**

> **actions**. The Martinez Defendants also promised that they would help protect his rights and interests in his Works. . . .

Plaintiffs' Third Amended Complaint (Document No. 90) at 10 (emphasis in original). And, for other Plaintiffs (Adan Sanchez, Leticia Salcedo, Ruben Guanajuato), there are no allegations at all of any agreement or promise. Third Amended Complaint (Document No. 90) at 12, 14, 15-16. Only with respect to Plaintiff Arnold Martinez is there any allegation of a contract or agreement:

> Arnold Martinez: . . . . The Martinez Defendants promised Martinez, both verbally and in writing, that they would include his songs on compilation albums and promote the songs, yet failed to do so. . . . The Martinez Defendants manipulated Gilbert Martinez [Arnold Martinez' father] to enter a non-standard and unfavorable Exclusive Composer's Agreement with Marfre Music Publishing, Inc. Per this agreement, the Martinez Defendants agreed to pay Gilbert Martinez a 1¢ royalty for each record sold. However, the Martinez Defendants breached the Agreement, and while this rate is per se overreaching and unfair, Defendants never remitted royalties to Gilbert Martinez or his family for any of his Works or for any records sold.

Third Amended Complaint (Document No. 90) at 12-13.

In light of these allegations, Plaintiffs' subsequent overarching allegation in the Third Amended Complaint that the Martinez Defendants "failed to comply with the terms of their agreements with Plaintiffs" is nothing more than a legal conclusion. With the exception of the breach of contract claim by Plaintiff Arnold Martinez, there are no facts from which a reasonable inference could be made that the remaining Plaintiffs entered into valid, enforceable contracts with the Martinez Defendants. All Plaintiffs, other than Plaintiff Arnold Martinez, have failed to state breach of contract claim(s) against the Martinez Defendants and those claims are subject to dismissal under Rule 12(b)(6). *See e.g., Real Estate Innovations, Inc.*, 422 Fed. Appx. at 349-350 (upholding dismissal of the breach of contract claims where plaintiff failed to plead "the existence of a contract between it and the defendants or the factual basis for a breach of any such contract.").

Notwithstanding Plaintiffs' failure to state a claim for breach of contract against the Martinez Defendants (other than Plaintiff Arnold Martinez), Plaintiffs should be allowed to amend their complaint to cure these pleading deficiencies, if possible.

### 3.   Negligence

In support of their negligence claim, Plaintiffs allege that "Defendants' conduct is negligent and grossly negligent in that Defendants failed to conduct their business in the same or similar fashion as would a reasonably prudent record company, publisher, manufacturer, accountant and distributor," that "the Martinez Defendants neglected to set up systems or any reasonably prudent mechanism with which to monitor and document the manufacturing, distribution, sales or other exploitation of Works," that the Martinez Defendants "failed to exercise ordinary care to assure that the rights of others weren't damaged in the course of Defendants' activities," and that "[n]o controls were in place to assure that cash transactions and in-house manufacturing were handled in accordance with generally acceptable accounting principles." Third Amended Complaint (Document No. 90) at 20-21.

In Texas, to state a negligence claim, Plaintiffs must allege with facts that the Martinez Defendants owed them a duty, that the Martinez Defendants breached that duty, and that the breach proximately caused harm to Plaintiffs. *Davis v. Dallas County*, 541 F. Supp. 2d 844, 850 (N.D. Tex. 2008) (quoting *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)). "The threshold inquiry in a negligence case is whether the defendant owes a legal duty to the plaintiff." *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

Here, Plaintiffs have not alleged in their Third Amended Complaint that they were owed a duty by the Martinez Defendants. While Plaintiffs argue in their Response to the Martinez

Defendants' Motion to Dismiss that the Third Amended Complaint does contain such allegations, they are nowhere to be found. In addition, to the extent such allegations can reasonably be inferred from the allegations that are in the Third Amended Complaint, they are insufficient to state a claim for negligence against the Martinez Defendants. That is because Plaintiffs have not articulated from where such a duty arises. "A duty represents a legally enforceable obligation to conform to a particular standard of conduct." *Way v. Boy Scouts of America*, 856 S.W.2d 230, 233 (Tex. App.–Dallas 1993). Here, there are no allegations that set forth a legally enforceable obligation on the part of the Martinez Defendants. In addition, there are no allegations as to any particular standard of conduct to which Plaintiffs seek to hold the Martinez Defendants. Moreover, given Plaintiffs' allegations that the Martinez Defendants did not "comply with the terms of their agreements," "failed to remit to Plaintiffs the revenue derived from exploitation of Plaintiffs' Works," and "failed to provide Plaintiffs with a proper accounting," any "duty" to be gleaned from the pleadings can only be said to arise from the parties' contractual dealings. Such contractual dealings, and any duty arising therefrom, cannot support a negligence claim. *See King v. Ames*, Civil Action No. 3:95-CV-3180-G, 1997 WL 86416 (N.D. Tex. 1997) (finding no duty, apart from that created by contract to support musician's negligence claim, which was based on defendants alleged failure "to act as a reasonably prudent record company"), *aff'd in part*, 179 F.3d 370, 375 (5th Cir. 1999) ("the district court found that the only duty Ames may have breached was created by contract. . . . we agree with the district court.")

Because there no allegations in the Third Amended Complaint that the Martinez Defendants owed Plaintiffs a duty, and no allegations from which it could be concluded that there existed a extra-contractual duty as between Plaintiffs and the Martinez Defendants, Plaintiffs have not stated

a claim for negligence against the Martinez Defendants. Plaintiffs' negligence claim(s) are therefore subject to dismissal under Rule 12(b)(6). Plaintiffs, however, should be afforded one opportunity to amend their complaint to state, if possible, a negligence claim against the Martinez Defendants.

### 4. Conspiracy/Alter Ego/Pattern of Wrongful Activity

In their conspiracy, alter ego, and pattern of wrongful activity claim, Plaintiffs allege:

> 72. The Defendants are members of a combination of two or more persons. The object of this combination was to accomplish an unlawful purpose, or a lawful purpose by unlawful means. Defendants had a meeting of the minds on the object or course of action, and one or more of the Defendants committed an unlawful, overt act to further the object or course of action. Further, the Martinez Defendants and their various entities and enterprises are alter egos of each other.
>
> 73. Defendants have engaged in a pattern of racketeering activity. Defendants have received income from their violation and disregard of federal copyright laws, and have invested such income in the acquisition and operation of their various enterprises – including the construction of a high-tech recording facility and the purchase of an exotic animal ranch. These fraudulent activities occurred over an extended period of time [and] involve a large number of persons and entities. Some entities involved in the conspiracy were created for the express purpose of concealing Defendants' unlawful acts and wrongfully acquired assets. Defendants' wrongful acts are not isolated events, confined to one Plaintiff or a single violation of copyright infringement.
>
> 74. Plaintiffs acted in good faith and relied on Defendants' accountings, promises and representations regarding royalty payments. Defendants[] took advantage of Plaintiffs and conspired to exploit Plaintiffs' properties and wrongfully profit from the exploitation. Defendants' continuous and related pattern of behavior is the proximate cause of Plaintiffs' injuries, and they are jointly and severally liable for such injuries.

Third Amended Complaint (Document No. 90) at 22. The Martinez Defendants argue that this claim is subject to dismissal because a conspiracy claim must be based on an underlying intentional tort, which has not been alleged. With respect to the conclusory allegations of "racketeering activity,"

the Martinez Defendants argue that Plaintiffs have not met the heightened pleading requirements for a RICO claim.

In response to the Motion to Dismiss, Plaintiffs argue that the intentional tort underlying their conspiracy claim is fraud and/or fraudulent transfer. With respect to the allegation of "racketeering activity," Plaintiffs state that they are not currently asserting a RICO claim.

Civil conspiracy is a "derivative tort," meaning that "a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). Further, because conspiracy itself requires intent, the underlying tort for conspiracy must be an intentional tort. *Firestone Steel Prods. v. Barajas*, 927 S.W.2d 608, 617 (Tex. 1996). Here, while Plaintiffs did not directly allege in the Third Amended Complaint the intentional tort attendant to which their conspiracy claim is based, *see* Plaintiffs' Third Amended Complaint (Document No. 90) at 22, Plaintiffs conspiracy claim can be grounded in the fraud and fraudulent transfer claims they did allege. Moreover, as such fraud and fraudulent transfer claims are subject to the stay imposed on February 3, 2012 (Document No. 88), Plaintiffs are not now in a position to re-plead their attendant conspiracy claim to allege that the conspiracy claim is ground in the fraud and fraudulent transfer claims. Therefore, based on the stay imposed on February 3, 2012, the conspiracy claim is not subject to either dismissal or re-pleading at this time.

**C.     Declaratory Judgment Claim(s)**

In their Third Amended Complaint, Plaintiffs have included a "claim" for declaratory relief, seeking the following:

17

53. Plaintiffs request that the Court declare that:

    a. Plaintiffs are entitled to an accounting for all revenues and profits which the Martinez Defendants have received from all sources which they have not remitted to Plaintiffs;

    b. The Martinez Defendants are not entitled to possess or exploit any of the Plaintiffs' Works or Plaintiffs' individual names, images or likenesses; and

    c. Each individual Plaintiff is the owner of, and is entitled to possess and control, all rights in and to their individual Works, including, but not limited to, musical compositions, sound recordings, VA's and PA's.

Third Amended Complaint (Document No. 90) at 17-18. The Martinez Defendants argue that Plaintiffs have not met *Twombly's* pleading requirement because there are no facts or claims associated with the request for Declaratory relief.

Under Texas law, there is no substantive claim for declaratory relief. Instead, a clam for such relief is made attendant to an underlying substantive claim. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.* 99 F.3d 746, 752 n. 3 (5th Cir. 1996) ("The Texas Uniform Declaratory Judgments Act, TEX.CIV.PRAC. & REM.CODE ANN. § 37.001 *et seq.* (Vernon 1986), is merely a procedural device; it does not create any substantive rights or causes of action."); *Ayers v. Aurora Loan Services, L.L.C.*, 787 F.Supp.2d 451, 457 (E.D. Tex. 2011) (dismissing claim for declaratory judgment where all underlying substantive claims had been dismissed).

Here, as Plaintiffs have alleged substantive, underlying claims of copyright infringement, misappropriation of name image and likeness, and breach of contract as between Plaintiff Arnold Martinez and the Martinez Defendants, the declaratory relief sought by Plaintiff is not subject to dismissal as being an independent, substantive claim.

18

## IV. Conclusion and Recommendation

Based on the foregoing, and the conclusion that Plaintiffs have not stated a claim for negligence, and have not, with the exception of Plaintiff Arnold Martinez, stated a claim for breach of contract, the Magistrate Judge

RECOMMENDS that the Martinez Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint or in the Alternative Motion for More Definite Statement (Document No. 92) be GRANTED in PART and DENIED in PART; that the Martinez Defendants' Motion to Dismiss Plaintiffs' negligence claims, and Plaintiffs' breach of contract claims, other than those alleged by Plaintiff Arnold Martinez, be GRANTED and those claims, as set forth in Plaintiffs' Third Amended Complaint, be DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim; and that the Martinez Defendants' Motion to Dismiss be DENIED on Plaintiffs' claims of copyright infringement, misappropriation of name, image and likeness, and conspiracy, alter ago, and pattern of wrongful activity, as well as Plaintiffs' "claim" for declaratory relief. In addition, the Magistrate Judge

RECOMMENDS that all Plaintiffs be granted leave to amend their Complaint to attempt to state a claim for negligence, and that all Plaintiffs, save Plaintiff Arnold Martinez, be granted leave to amend their Complaint to attempt to state a claim for breach of contract. Finally, the Magistrate Judge

RECOMMENDS that Plaintiffs be required to provide the Martinez Defendants with a More Definite Statement of their claims for copyright infringement and misappropriation of name, image and likeness, setting forth in such More Definite Statement the acts and/or conduct attributable to each defendant.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 28th day of August, 2012.

Frances H. Stacy
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE