IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY GUAJARDO, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-10-2024 |
| | § | MEMBER CIVIL ACTION NOS. |
| FREDDIE RECORDS, INC., et al., | § | H-10-2995 and H-11-1774 |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Pending in this case that has been referred pursuant to 28 U.S.C. § 636 (b)(1)(A) and (B) are the Martinez Defendants' Motion to Dismiss Plaintiffs' Fifth Amended Complaint Pursuant to FRCP 12(b)(6) (Document No. 163) and Lisa Nichols, Trustee's Motion to Dismiss Plaintiffs' Fifth Amended Complaint Pursuant to FRCP 12(b)(6) (Document No. 166).  Having considered the motions, the responses, the allegations in Plaintiffs' Fifth Amended Complaint (Document No. 154), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Martinez Defendants' and Lisa Nichols' Motions to Dismiss (Document No. 163 & 166) both be GRANTED in PART and DENIED in PART.


## I.      Background and Procedural History

This action was filed on June 8, 2010, as essentially a copyright infringement case. Plaintiff Gary Guajardo alleged that Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., and John Martinez used his musical compositions and sound recordings without authorization, and asserted claims against them for copyright infringement, breach of contract, fraud, negligence, and misappropriation of name, image, and likeness. (Document No. 1). Since then, this case was

consolidated with two similar cases, Civil Action Nos. H-10-2995 and H-11-1774 (Document No. 72), and through several amendments both more plaintiffs and more defendants have been added (Document Nos. 28, 90, 116, 128).   Defendants all filed Rule 12(b)(6) Motions to Dismiss (Document No. 91, 92, 105).  With respect to the Martinez Defendants,[1] their Motion to Dismiss was granted in part and denied in part.[2]  Subsequent to that ruling, Plaintiffs filed a Fifth Amended Complaint on November 2, 2012 (Document No. 154).  That Fifth Amended Complaint added four more Plaintiffs to this case (Ruben Ramos, Johnny Isquierdo, Adolfo DeLeon and Jose Guzman), and asserted claims against the Martinez Defendants of copyright infringement, fraud/fraudulent inducement/fraudulent concealment, breach of contract, negligence/gross negligence/negligent misrepresentation, civil conspiracy, breach of fiduciary duty, and misappropriation of name, image, and likeness.   The Martinez Defendants have now moved, for a second time, for dismissal of Plaintiffs' claims pursuant to FED. R. CIV. P. 12(b)(6). Similarly, Lisa Nichols, bankruptcy trustee

---

[1] As referred to herein, the "Martinez Defendants" include: Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, Lee Martinez, Jr., Brothers Trei, Ltd., Sterling Management, Inc., A.R. Martinez Family Limited Partnership, Martzcom Music, LLC, Marfre, LLC, Discos Freddie S.A. de C.V., John Martinez, LLC, SCMP, LLC, Purple Sky Enterprises, LLC, John Edward Martinez as Custodian for minors Elizabeth Martinez, Lauren Martinez and Madeline Martinez, Martinez Land and Buffalo Company, LLC, ELM Land and Buffalo Company, LLC, and M. Music & Entertainment Group, LLC.

[2] The Martinez Defendants' Motion to Dismiss was granted as to Plaintiffs' claims of negligence, breach of contract and conspiracy, and denied as to Plaintiffs' claims of copyright infringement, misappropriation of name, image and likeness, alter ego, pattern of wrongful activity, and declaratory judgment.  (Document Nos. 130 & 142).  Plaintiffs were, however, given leave to amend their complaint to attempt to state claims of negligence, breach of contract and conspiracy (Document Nos. 130 & 142), and were required to provide the Martinez Defendants with a "More Definite Statement of their claims for copyright infringement, and misappropriation of name, image and likeness" by setting forth "the acts and/or conduct attributable to each defendant."  (Document No. 130 at 19).

2

for the bankruptcy estate of Freddie Records, Inc., has moved for dismissal of Plaintiffs' claims pursuant to Rule 12(b)(6).[3]

## II.    Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. 556-57; *Iqbal*, 129 S.Ct. at 1950-51.

---

[3] On September 7, 2012, the bankruptcy court lifted the bankruptcy stay as to the claims alleged in this case against Freddie Records, Inc. and Freddie Martinez, Sr. Lisa Nichols, the bankruptcy trustee for the bankruptcy estate of Freddie Records, Inc., was allowed to intervene in this case on January 24, 2013 (Document No. 178).

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Id.*

### III.    Plaintiffs' Claims

Plaintiffs' Fifth Amended Complaint is 232 pages long. While many of the claims of each of the Plaintiffs are essentially the same, for purposes of completeness and clarity, the claims of Plaintiffs, and the corresponding Defendants, is set forth in summary form below:

#### A.    Copyright Infringement

Each Plaintiff has asserted a copyright infringement claim against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, Lee Martinez, Jr., Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC, and SCMP, LLC.

#### B.    Tampering with Copyright Management Information

Plaintiff Arnold Martinez has asserted a claim for tampering with copyright management information against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC.

Plaintiffs Jesse Salcedo and Jose Guzman have each asserted a claim for tampering with copyright management information against Defendant Freddie Records, Inc.

### C.        Fraud/Fraudulent Inducement/Fraudulent Concealment

Plaintiffs Gary Guajardo, Hugo Cesar Guerrero, Ysidro Ortiz, Jr.,  Johnny Isquierdo and Adolfo DeLeon have each asserted a fraud/fraudulent inducement/fraudulent concealment claim against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., and John Martinez.

Plaintiff Arnold Martinez has asserted a fraud/fraudulent inducement/fraudulent concealment claim against Defendants Freddie Records, Inc., Freddie Martinez, Sr., and John Martinez

Plaintiffs Jesse Salcedo, Arturo Rene Serrata, Ruben Ramos and Jose Guzman have each asserted a fraud/fraudulent inducement/fraudulent concealment claim against Defendants Freddie Records, Inc. and  Freddie Martinez, Sr.

### D.        Breach of Contract

Plaintiffs Gary Guajardo has asserted a breach of contract claim against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC, and SCMP, LLC.

Plaintiffs Hugo Cesar Guerrero and Ysidro Ortiz, Jr. have each asserted a breach of contract claim against Defendants Freddie Records, Inc., Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC.

Plaintiff Arnold Martinez has asserted a breach of contract claim against Defendants Freddie Records, Inc., Freddie Martinez, Sr., John Martinez, Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC.

Plaintiff Jose Guzman has asserted a breach of contract claim against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC.

### E.      Negligence/Gross Negligence/Negligent Misrepresentation

Plaintiffs Gary Guajardo, Hugo Cesar Guerrero, Arnold Martinez, Ysidro Ortiz, Jr., Jesse Salcedo, Arturo Rene Serrata, Ruben Ramos, Johnny Isquierdo and Adolfo DeLeon, and Jose Guzman have each asserted a negligence/gross negligence/negligent misrepresentation claim against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, Lee Martinez, Jr., Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC, and SCMP, LLC.

### F.      Civil Conspiracy

All Plaintiffs have asserted a civil conspiracy against all the "Martinez Defendants".  Given the reference in the conspiracy claims to the "Martinez Defendants" in the collective, this is the only claim asserted against Defendants Sterling Management, Inc., A.R. Martinez Family Limited Partnership, Discos Freddie S.A. de C.V., John Martinez, LLC, Purple Sky Enterprises, LLC, John Edward Martinez as custodian for minors Elizabeth Martinez, Lauren Martinez and Madeline Martinez, Martinez Land and Buffalo Company, LLC, ELM Land and Buffalo Company, LLC; and M. Music and Entertainment Group, LLC.

### G.      Breach of Fiduciary Duty

Plaintiffs Gary Guajardo, Johnny Isquierdo and Adolfo DeLeon, and Jose Guzman have each asserted a breach of fiduciary duty claim against Freddie Records, Inc., Freddie Martinez, Sr., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC.

Plaintiffs Hugo Cesar Guerrero, Arnold Martinez, Ysidro Ortiz, Jr., Jesse Salcedo, Arturo Rene Serrata, and Ruben Ramos  have each asserted a breach of fiduciary duty claim against Freddie

6

Records, Inc., Freddie Martinez, Sr., Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC.

### H.    Misappropriation of Name/Likeness/Image

Plaintiffs Gary Guajardo and Hugo Cesar Guerrero have each asserted a  misappropriation of name/likeness/image claim against Freddie Records, Inc., Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC, and SCMP, LLC.

Ruben Ramos has asserted a misappropriation of name/likeness/image claim against Freddie Records, Inc., Martzcom Music, LLC, Marfre, LLC, and SCMP, LLC.

### IV.    Discussion – Copyright Infringement Claims

Each Plaintiff has asserted a copyright infringement claim against the following Defendants: Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, Lee Martinez, Jr., Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC, and SCMP, LLC.  Those Defendants maintain in their Motions to Dismiss that Plaintiffs have not stated a claim of copyright infringement against them within the meaning of *Twombly* and *Iqbal* because they fail to allege the individual involvement of each defendant, and fail to allege when the infringement occurred.  Defendants also argue that Plaintiffs' copyright claims are barred by limitations.  Finally, Defendants argue that claims by many of the Plaintiffs for statutory damages under 17 U.S.C. § 412 should be dismissed because their copyrights were all just recently registered (Hugo Cesar Guerrero, 2011 and 2012) (Arnold Martinez, 2010 and 21012) (Ysidro Ortiz, Jr., 2012) (Jesse/Letty Salcedo, 2012) (Arturo Rene Serrata, 2012) (Ruben Guanajuato, 2011) (Ruben Ramos,

2012) (Johnny Isquierdo and Adolfo DeLeon, 2012), and there are no allegations that any infringement occurred after the registration of those copyrights.

> Pursuant to 17 U.S.C. § 102(a),
>
> Copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.  Works of authorship include the following categories:
>
> (1) literary works;
>
> (2) musical works, including any accompanying words;
>
> (3) dramatic works, including any accompanying music;
>
> (4) pantomimes and choreographic works;
>
> (5) pictorial, graphic, and sculptural works;
>
> (6) motion pictures and other audiovisual works;
>
> (7) sound recordings; and
>
> (8) architectural works.

The owner of a copyright has the exclusive right:

> (1) to reproduce the copyrighted work in copies or phonorecords;
>
> (2) to prepared derivative works based upon the copyrighted work;
>
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease or lending;
>
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; and

(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly.[4]

17 U.S.C. § 106.  "Any who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 or of the author as provided in section 106A(a), or who imports copies or phonorecords into the United States in violation of section 602, is an infringer of the copyright or right of the author, as the case may be."  17 U.S.C. § 501.  The remedies available for copyright infringement under 17 U.S.C. § 504(a) include either "the copyright owner's actual damages and any additional profits of the infringer" or "statutory damages."  Statutory damages, are, however, not available for: " (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the fist publication of the work."  17 U.S.C. § 412.

In this Circuit, to state a claim for copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Mediostream, Inc. v. Microsoft Corp.*, 749 F.Supp.2d 507, 520 (E.D. Tex. 2010) citing *Feist Pub., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Dagel v. Resident News, LLC*, No. 3:11-CV-663-L, 2012 WL 2068727 *7 (N.D. Tex. June 8, 2012); *Threadgill v. Orleans Parish Sch. Bd.*, No. 02-1122, 2013 WL 773032 *2 (E.D.La. Feb. 28, 2013); *see also Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003) (the elements of a copyright infringement claim are "(1) ownership of a valid copyright and (2) actionable copying, which is the copying of constituent

---

[4] While not necessarily applicable in this case, 17 U.S.C. § 117 sets some limits on the exclusive rights of copyright owners in sound recordings.

elements of the work that are copyrightable.").[5]  A plaintiff must also identify with some specificity the work at issue. *Terraspan, LLC v. Rave, LLC*, No. 3:12-CV-0816-K, 2012 WL 6115721 at *7 (N.D. Tex. Dec. 10, 2012).

Against these minimum pleading requirements is the Court's prior determination that a more definite statement of the copyright infringement claim was warranted and that "each defendant is entitled to know how they are alleged to have infringed on Plaintiffs' copyrights and what actions or conduct, as to each copyrighted work, constitutes infringement."  (Document No. 130 at 6-7.)

## A.   Gary Guajardo

Plaintiff Gary Guajardo alleges in the Fifth Amended Complaint with respect to his ownership of a valid copyright, and Freddie Records, Inc.'s infringement, that:

> Gary Guajardo authored both the lyrics and the music to the Works included on the albums, "*Pleasure de Gary Guajardo*" and "*Mas Placer.*"  Gary Guajardo is the copyright owner of these Works and has complied with the statutory registration and deposit requirement of the Federal Copyright Act of 1976 (SRu00310216 [1994]).  Gary Guajardo's copyright for the Works includes the words, music, performance, and recordings thereof.

> Freddie Records, Inc. manufactured, produced, sold, and distributed "*Pleasure de Gary Guajardo*" and "*Mas Placer*" without a proper license and without permission or authority from Gary Guajardo.  Further, in or around 2006, Gary Guajardo learned that Freddie Records, Inc. released a compilation album containing his Works, titled "*Pleasure de Gary Guajardo: The Encore Collection*," without a proper license and without permission or authority from Gary Guajardo.

---

[5] In the Second Circuit, to state a claim for copyright infringement a plaintiff must allege: "'[1] which specific original works are the subject of the claim, [2] that plaintiff owns the copyright, [3] that the works have been registered in accordance with the copyright statute[,] and [4] by what acts and during what time defendant has infringed the copyright.'" *Ritani, LLC v. Aghjayan*, 880 F.Supp.2d.2d 425, 440 (S.D. N.Y. 2012) (quoting *Franklin Elec. Publishers, Inc. v. Unisonic Prod. Corp.*, 763 F.Supp. 1, 4 (S.D. N.Y. 1991)); *see also Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D. N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994), *cert. denied*, 513 U.S. 950 (1994).   This pleading standard for copyright cases has not yet been addressed in, or adopted by, the Fifth Circuit.

> In addition, in or around 1990, Freddie Records, Inc. allowed the band, Fandango USA to record and release Gary Guajardo's Work, "*No Tengo Dudas*," without a proper license and without permission or authority from Gary Guajardo.

Plaintiffs' Fifth Amended Complaint (Document No. 154) at 28.  With respect to Defendants Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, and Lee Martinez, Jr., Plaintiff Gary Guajardo alleges:

> Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, and Lee Martinez, Jr., have the right and ability to supervise the infringing conduct of Freddie Records, Inc.  As the owners, officers, and operators of Freddie Records, Inc., they have actual knowledge of Freddie Records, Inc.'s infringing activities.

* * *

> [ ] Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, and JoAnn Martinez, through one or more of their corporate entities, manufactured, produced, and distributed products containing Gary Guajardo's Works without a license and without permission or authority from Gary Guajardo.

*Id.* at 29, 30.  With respect to Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC, Plaintiff Gary Guajardo alleges:

> Gary Guajardo's Works are presumed among the transferred properties and, upon information and belief, Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC, and/or SCMP, LLC currently claim, or have claimed, the rights in and to Gary Guajardo's Works.

> Brothers Trei, Ltd., Martzcom, LLC, Marfre, LLC, and SCMP, LLC conduct business in the same or highly similar fashions as their predecessors, Freddie Records, Inc. and Marfre Music Publishing.  They manufacture, produce, and distribute products containing Gary Guajardo's Works and receive profits from such exploitations.  However, they fail to remit any profits to Gary Guajardo or provide him with an accounting for the use of his Works.

> Gary Guajardo has not given Martzcom Music, LLC, Marfre, LLC or SCMP, LLC authority or permission to use his Works, and they do not have a valid license or agreement for such use.

To date, Martzcom Music, LLC, Marfre, LLC, SCMP, LLC, Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, and Lee Martinez, Jr. continue to willfully and intentionally produce, distribute, and profit from Gary Guajardo's Works with total indifference to Gary Guajardo's rights.

*Id.* at 31.

### 1. Defendant Freddie Records, Inc.

Plaintiff Gary Guajardo has alleged ownership of a valid copyright in the lyrics and the music to the Works included in the albums, "*Pleasure de Gary Guajardo*" and "*Mas Placer.*"  He has also alleged that Defendant Freddie Records, Inc. "manufactured, sold, and distributed '*Pleasure de Gary Guajardo*' and '*Mas Placer*' without a proper license and without permission or authority."  Gary Guajardo has stated a claim for copyright infringement against Defendant Freddie Records, Inc.

With respect to the argument that any copyright claim by Guajardo is barred by the three year statute of limitations, 17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."), Guajardo's allegations are that "in or around 2006, [he] learned that Freddie Records, Inc. released a compilation album containing his Works, titled "*Pleasure de Gary Guajardo: The Encore Collection*," without a proper license and without permission or authority" and that "in or around 1990, Freddie Records, Inc. allowed the band, Fandango USA, to record and release Gary Guajardo's Work, "*No Tengo Dudas*," without a proper license and without permission or authority."  Plaintiffs' Fifth Amended Complaint (Document No. 154) at 28.  Based on his alleged knowledge, in 2006, Guajardo's copyright claim first "accrued" in 2006.  *See Jordan v. Sony BMG Music Entm't, Inc.*, 354 Fed. Appx. 942 *3 (5th Cir. 2009) ("In this Circuit, a copyright claim accrues 'when [the party] knew or had reason to know of the injury upon which the claim is based.'") (quoting *Pritchett v. Pound*, 473

F.3d 217, 220 (5th Cir. 2006)).   However, "[i]n this circuit, *each* act of infringement gives rise to an independent claim, and the defendant 'is only liable for his acts of infringement committed within three years prior to [p]laintiff's lawsuit.'" *Jaso v. the Coca Cola Co.*, 435 Fed. Appx. 346, 352 (5th Cir. 2011) (quoting *Makedwde Publ'g Co. v. Johnson*, 37 F.3d 180, 182 (5th Cir. 1994) (emphasis in original)).   Here, because it cannot be ascertained from Plaintiffs' pleadings whether *any* infringement of Guajardo's copyrights is alleged to have occurred within three years of the filing of this lawsuit, Guajardo's copyright infringement claims cannot be dismissed pursuant to Rule 12(b)(6) on the basis of limitations.

Guajardo's copyright infringement claim against Defendant Freddie Records, Inc. is not subject to dismissal.

### 2.   Defendants Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, or Lee Martinez, Jr.

Plaintiff Gary Guajardo has alleged, with respect to the Individual Martinez Defendants, Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez,  Marc Martinez, JoAnn Martinez, and Lee Martinez, Jr. (hereafter referred to as the "Individual Martinez Defendants"), that they are liable for the infringement by Freddie Records, Inc., because they had the ability to supervise and control the activities of Freddie Records, Inc.  Plaintiffs also allege that the Individual Martinez Defendants "engaged in extensive in-house manufacturing and sales of cassettes, compact discs, in- house sales, and digital downloads for which no records were made and for which false accountings were provided," that they "only included a percentage of purchases from manufacturers on the invoices they created", and that they "engaged in creating a system of 'pocket invoices,' whereby large transactions of cash money were carried out with distributors in exchange for compact discs."

13

Plaintiffs' Fifth Amended Complaint (Document No. 154) at 13, 14.  Finally, Plaintiffs allege that Defendant Freddie Martinez, Sr. "cut or instructed employees of Marfre Music Publishing to cut, royalty reports by up to one-half so that writers would come to accept and expect smaller royalty payments without question." *Id.* at 13.

Plaintiffs do not appear to allege that each of the Individual Martinez Defendants *independently* infringed on their copyrights.  Rather, Plaintiffs allege that the Individual Martinez Defendants are liable because "they had knowledge of the infringing activity and directly participated or engaged in activity which induced, caused or materially contributed to the infringing activity of another.  Plaintiffs also allege that the Martinez Defendants are or may be liable under the vicarious liability theory because they had the right and ability to supervise the infringing conduct and had an obvious and direct financial interest in the infringing activity." Plaintiffs' Fifth Amended Complaint (Document No. 154) at 9.

"One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S.Ct. 2764, 2776 (2005) (internal citation omitted).  "A contributory infringer is one who, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another." *Cooper v. Sony Music Entm't, Inc.*, No. 01-0941, 2002 WL 391693 *4 (S.D. Tex. Feb. 22, 2002).  "[V]icarious liability may be imposed when an individual has the right and ability to supervise the infringing activity and also has a direct financial interest in the activities." *Id.*

Here, Guajardo's copyright infringement claims against JoAnn Martinez and Lee Martinez, Jr., because they are only based on legal conclusions as to those individuals' positions, do not state

a plausible claim for vicarious or contributory infringement against JoAnn Martinez, and Lee Martinez, Jr. *See e.g., Yesh Music v. Lakewood Church*, No. 4:11-CV-03095, 2012 WL 524187 *6-7 (S.D. Tex. Feb. 14, 2012) (dismissing claims of copyright infringement against individual defendants where plaintiffs did "not allege facts showing that the Osteens had a financial stake in the infringing activity and personally supervised the infringing conduct").   All Plaintiffs allege, with respect to JoAnn Martinez, is that she, along with her husband, "created the Tejano record label, Freddie Records, Inc." in 1969, and that she "serves as a consultant and does administrative work for Freddie Records, Inc."  Plaintiffs' Fifth Amended Complaint (Document No. 154) at 10, 16.  With respect to Lee Martinez, Jr., all that is alleged by Plaintiffs is that he "formerly served as a vice-president and manager of Freddie Records, Inc. and was intimately involved in the daily operations of Freddie Records, Inc. throughout its course of dealing with Plaintiffs," that he and Freddie Martinez, Sr. "are well-known musicians in Corpus Christi, Texas, and in the Tejano and Mexican music industry [and that] Freddie Martinez, Sr. and Lee Martinez, Jr. capitalized on their notoriety to attract artists and songwriters, including Plaintiffs, to Freddie Records, Inc. and Marfre Music Publishing." *Id.* at 11. These allegations, even when coupled with the other collective allegations against the Individual Martinez Defendants about their contributions to the under-reporting of royalties, do not state a plausible claim of either vicarious or contributory copyright infringement against JoAnn Martinez and Lee Martinez, Jr.

Moreover, even if the allegations in Plaintiffs' Fifth Amended Complaint were sufficient under the *Twombly* and *Iqbal* standard to state a claim of vicarious and/or contributory infringement against JoAnn Martinez and Lee Martinez, Jr., such a claim is nevertheless subject to dismissal because it has not been pled with the specificity required by the Order granting  Defendants' prior

Motion for More Definite Statement.  In the Order granting the Martinez Defendants' Motion for More Definite Statement, the Court concluded that "each defendant is entitled to know how they are alleged to have infringed on Plaintiffs' copyrights and what actions or conduct, as to each copyrighted work, constitutes infringement" and ordered Plaintiffs to set forth "the acts and/or conduct attributable to each defendant." (Document No. 130 at 6-7, 19).  Plaintiffs' Fifth Amended Complaint does not, as it relates to the copyright infringement claims against JoAnn Martinez and Lee Martinez, Jr., meet the requirements of the Order for More Definite Statement.  In particular, there are no allegations of "the acts and/or conduct attributable to" either JoAnn Martinez or Lee Martinez, Jr.  All Plaintiffs allege is that JoAnn Martinez and Lee Martinez, Jr. acted with other individual defendants as a collective.  This is what the Order for More Definite Statement sought to correct.  Pursuant to Rule 12(e), Guajardo's failure to articulate "the acts and/or conduct attributable to" JoAnn Martinez and Lee Martinez, Jr. warrants the striking and/or dismissal of those copyright claims against JoAnn Martinez and Lee Martinez, Jr.  FED. R. CIV. P. 12(e) ("If the court orders a more definite statement and the order is not obeyed . . . the court may strike the pleading or issue any other appropriate order").

In contrast, Guajardo's allegations do state a plausible claim of copyright infringement as against Freddie Martinez, Sr., Freddie  Martinez, Jr., John Martinez, and Marc Martinez, and Plaintiffs have alleged, with sufficient detail to comply with the Order granting the Martinez Defendants' Motion for More Definite Statement, the acts and conduct attributable to Freddie Martinez, Sr., Freddie  Martinez, Jr., John Martinez and Marc Martinez.  Plaintiffs allege that:

> Freddie Martinez, Sr, is the owner, president and director of Freddie Records, Inc.
> All three of his sons, Freddie Martinez, Jr., John Martinez, and Marc Martinez, are
> vice-presidents of Freddie Records, Inc. and are involved in directing and controlling

16

its business, management, and operations, as well as the business, management, and operations of the other non-natural Martinez Defendants.

* * *

Plaintiffs developed a relationship of trust and confidence with the Martinez Defendants.  Freddie Martinez, Sr., Freddie Martinez, Jr, and John Martinez, in particular, had a close and amicable relationship with many of the Plaintiffs.

* * *

On or around the year 2000, Freddie Martinez, Sr. turned over the day-to-day operations of Freddie Records, Inc. to his sons, Freddie Martinez, Jr., John Martinez, and Marc Martinez (the "Martinez Sons").  Freddie Martinez, Jr., John Martinez, and Marc Martinez work directly with the artists and are involved with every aspect of preparing records for release, including: negotiating recording and publishing contracts, scheduling studio time, selecting material to be recorded, and coordinating marketing and promotional plans.   The Martinez Sons also control the manufacturing, shipping, sales, distribution, and operations of the Martinez Defendants.

Plaintiffs' Fifth Amended Complaint (Document No. 154) at 10-11, 11, 16.  These allegations contain sufficient facts as to the involvement of Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, and Marc Martinez in the conduct that forms of the basis of Guajardo's copyright infringement claims.

In sum, based on the foregoing, Plaintiff Guajardo's copyright infringement claims against JoAnn Martinez and Lee Martinez, Jr, are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(e).   Plaintiff Guajardo's copyright infringement claims against Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez and Marc Martinez are not subject to dismissal.

### 3. Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and  SCMP, LLC

Plaintiff Gary Guajardo has alleged, with respect Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC that they "manufacture, produce and distribute products

containing Gary Guajardo's Works and receive profits from such exploitations," and "fail to remit any profits to Gary Guajardo or provide him with an accounting for the use of his Works." Plaintiffs' Fifth Amended Complaint (Document No. 154) at 31. He also alleges that he has "not given Martzcom Music, LLC, Marfre, LLC or SCMP, LLC authority or permission to use his Works, and they do not have a valid license or agreement for such use." *Id.* While these allegations *may* be sufficient to state a plausible claim of copyright infringement claim within the meaning of *Twombly* and *Iqbal*,[6] they fall far short of the allegations required by the Order granting Defendants' Motion for More Definite Statement. In particular, there are no allegations of "the acts and/or conduct attributable to" Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC or SCMP, LLC. Instead, Plaintiff Guajardo does nothing more than refer to these Defendants in the collective –

---

[6] The allegations of copyright infringement against Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC, and SCMP, LLC, are troubling given Plaintiffs' other allegations that "In or around November 2010, Freddie Records, Inc. and Marfre Music Publishing Company transferred their music catalogs and the rights appurtenant thereto to various other Martinez Defendant entities, including Brothers Trei, Ltd., Marfre, LLC, SCMP, LLC and Martzcom Music, LLC." Plaintiffs' Fifth Amended Complaint (Document No. 154) at 18. Taking those allegations of asset transfers as true in this Rule 12(b)(6) context, any alleged infringement by Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LCC can only have occurred after that time (November 2010) – several months *after* this case was first filed.

Given the allegations of asset transfers in November 2010, and Plaintiffs' failure to allege *when* Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC, and SCMP, LLC "manufacture[d], produce[d] and distribute[d] products containing Gary Guajardo's Works and receive[d] profits from such exploitations," and "fail[ed] to remit any profits to Gary Guajardo or provide him with an accounting for the use of his Works," it may be that Plaintiff(s) have not stated a "plausible" claim of copyright infringement against Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC, and SCMP, LLC. However, because the Fifth Circuit has not yet addressed whether dates of infringement must be alleged in order to state a plausible claim for infringement, dismissal of Plaintiffs' copyright infringement claims against Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC, and SCMP, LLC is not recommended on this basis. But, given the allegations in this case, which span decades, as well as the significant number of defendants, some date requirement for copyright infringement claims in cases such as this would be wholly consistent with the pleading requirements set forth in *Twombly* and *Iqbal*.

something the Order for More Definite Statement required Plaintiffs to correct.   Pursuant to Rule 12(e), Guajardo's claims of copyright infringement against Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC should be stricken and/or dismissed.

## B.     Hugo Cesar Guerrero

Plaintiff Hugo Cesar Guerrero alleges in the Fifth Amended Complaint with respect to his ownership of a valid copyright, and Freddie Records, Inc.'s infringement, that:

> Hugo Cesar Guerrero produced, created, and arranged the sound recordings included on the following Fandango USA albums: "*Class Act/La Charanga*," "*Charanga Kings*," "*Mantanga La Changa*," "*Lo Mejor De . .. Fandango USA*," "*Con Sabor*," "*Fandango USA 10th Anniversary*," "*Siempre Contigo*," and "*Fandango USA. . . A Musical History*".

> Hugo Cesar Guerrero is the copyright owner of the sound recordings on the albums "*Class Act/La Charanga*" (SR686413 [2011]), "*Charanga Kings*" (SR686411 [2011]), "*Mantanga La Changa*" (SR686412 [2011]), "*Lo Mejor De . .. Fandango USA*" (SR686412 [2011]), "*Con Sabor*" (SR686409 [2011]), "*Fandango USA 10th Anniversary*" (SR686415 [2011]), "*Siempre Contigo*" (SR686410 [2011]), and "*Fandango USA. . . A Musical History*" (SR686418 [2011]) and has complied with the statutory registration and deposit requirements of the Federal Copyright Act of 1976.

> In addition, Hugo Cesar Guerrero authored several of the musical compositions included on the Fandango USA albums, such as "*Ay Carino Corazoncito*" (included on "*The Charanga Kings*" and "*Fandango USA. . . A Musical History*"), "*Quisiera Que Me Quisieras*" (included on *"Lo Mejor De . . . Fandango USA*"), "*Tantito De Amor*" (included on "*Lo Mejor De. . . Fandango USA*"), and "*Todos Quieren Charanguear*" (included on "*The Charanga Kings*," "*Fandango USA. . . A Musical History*," and "*Con Sabor*").

> Freddie Records, Inc. manufactured, produced, sold, and distributed products containing Hugo Cesar Guerrero's sound recordings and musical compositions, including the albums listed above, without a proper license and without permission or authority from Hugo Cesar Guerrero.

> Hugo Cesar Guerrero never received any payments, royalties, or accountings from Freddie Records, Inc., Freddie Martinez, Sr., or any of the other Martinez Defendants for Freddie Records, Inc.'s use and exploitation of his Works.

Plaintiffs' Fifth Amended Complaint (Document No. 154) at 51-52.  With respect to Defendants Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, and Lee Martinez, Jr., and Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC, Plaintiff Hugo Cesar Guerrero sets forth essentially the same allegations as made by Plaintiff Gary Guajardo, which have been included verbatim above.  *See* Plaintiffs' Fifth Amended Complaint (Document No. 154) at 52-53.

For the same reasons, and based on the same analysis above, Hugo Cesar Guerrero has stated a claim for copyright infringement against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, and Marc Martinez; He has not stated a claim for copyright infringement against JoAnn Martinez or Lee Martinez, Jr.  In addition, his copyright claims against Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC are subject to being stricken or dismissed pursuant to FED. R. CIV. P. 12(e) based on his failure to allege the acts and/or conduct attributable to Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC.

With respect to the statute of limitations defense asserted by the Martinez Defendants, because it cannot be ascertained from the pleadings when Hugo Cesar Guerrero's copyright infringement claim(s) accrued and/or when the last act of alleged infringement occurred, the copyright infringement claims are not subject to dismissal on that basis.  Moreover, with respect to the related argument that Hugo Cesar Guerrero's statutory damages claim should be dismissed because there are no allegations of infringement occurring after Guerrero registered his copyrights (in 2011 and 2012), again, the pleadings do not conclusively establish that statutory damages are not

available.  What the pleadings do reveal, however, is that Hugo Cesar Guerrero cannot recover statutory damages for any infringement that occurred prior to the dates he registered his copyrights.

### C.    Adan Sanchez

Plaintiff Adan Sanchez alleges in the Fifth Amended Complaint with respect to his ownership of a valid copyright, and Freddie Records, Inc.'s infringement, that:

> Adan Sanchez authored both the lyrics and the music to the original work, "*La Prieta Casada*."  Adan Sanchez is the copyright owner of "*La Prieta Casada*," and has complied with the statutory registration and deposit requirements of the Federal Copyright of 1976 (Eu 670878 [Apr. 16, 1976]; RE895880 [Jan. 12, 2004]; PAu 676670 [Dec. 17, 1984]; and PAu 1928187 [Dec. 8, 1994]).

> Freddie Records, Inc. manufactured, produced, sold, and distributed records that contained Adan Sanchez's original lyrics and music for "*La Prieta Casada*," on two separate albums by the artist, Albert Zamora: "*Que Viva La Musica De Acordeon*" and "*Guerra De Acordeones*."  Adan Sanchez is recognized as the author of "*La Prieta Casada*" on both of these albums.

> Adan Sanchez never received any royalty payments or accountings from Freddie Records, Inc., Freddie Martinez, Sr., or any of the other Martinez Defendants for Freddie Records, Inc.'s use and exploitation of "*La Prieta Casada*."

Plaintiffs' Fifth Amended Complaint (Document No. 154) at 73.  With respect to Defendants Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, and Lee Martinez, Jr., and Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC, Plaintiff Adan Sanchez sets forth essentially the same allegations as made by Plaintiff Gary Guajardo, and which have been included verbatim above.  *See* Plaintiffs' Fifth Amended Complaint (Document No. 154) at 74, 75.

For the same reasons, and based on the same analysis above, Adan Sanchez has stated a claim for copyright infringement against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, and Marc Martinez; He has not stated a claim for copyright

infringement against JoAnn Martinez or Lee Martinez, Jr.  In addition, his copyright claims against Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC are subject to being stricken or dismissed pursuant to FED. R. CIV. P. 12(e) based on his failure to allege the acts and/or conduct attributable to Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC.

With respect to the statute of limitations defense asserted by the Martinez Defendants, because it cannot be ascertained from the pleadings when Adan Sanchez' copyright infringement claim(s) accrued and/or when the last act of alleged infringement occurred, the copyright infringement claims are not subject to dismissal on that basis.

### D.    Arnold Martinez, Individually and on behalf of the Estates of Gilbert Martinez, Jr., Deceased, and Enriqueta "Katy" Martinez, Deceased, and the Gilbert Martinez Heirs

Plaintiff Arnold Martinez asserts claims in his individual capacity, and claims on behalf of the Estates of Gilbert Martinez, Jr. and Enriqueta "Katy" Martinez:

> Plaintiff, Arnold Martinez, is a Tejano songwriter who wrote songs including "*No Temas al Amor*" and "*En Las Alas de Un Angel*," which was nominated for a Grammy for best live performance.

> Arnold Martinez's parents, Gilbert Martinez, Jr. and Enriqueta "Katy" Martinez, both now deceased, also were Tejano songwriters.  Gilbert Martinez, Jr.'s music catalog contains 75 songs, many, if not all of which Katy Martinez helped author.  Gilbert Martinez, Jr.'s and Katy Martinez's best known Works include "*Chiquita*," "*Debajo de Aquel Arbol*," "*(La) Gaviota*," "*Mi Golondrina*," and "*Una Carta*."  Their Works were recorded by artists such as: Fandango USA, Ramon Ayala, and Freddie Martinez, Sr.

> On October 3, 2007, Katy Martinez received all rights in and to Gilbert Martinez, Jr.'s music catalog by bequest, and she retained those rights until her death in 2010.  At that time the rights of Gilbert and Katy Martinez passed to the Martinez Heirs.

22

> Arnold Martinez is bringing claims both Individually and on behalf of the Estates and Heirs of Gilbert Martinez, Jr. and Katy Martinez.  In addition to Arnold Martinez, The Heirs of Gilbert Martinez, Jr. and Katy Martinez (the "Gilbert Martinez Heirs") are: Carlos Martinez, Arturo Martinez, Cristina Zamora, Linda Gonzalez, and Theresa Lee.

Plaintiffs' Fifth Amended Complaint (Document No. 154) at 79-80.  With respect to the copyrights

at issue and Freddie Records, Inc.'s infringement, Arnold Martinez alleges:

> Gilbert Martinez, Jr. and Katy Martinez authored both the lyrics and the music to the original Works included in the Gilbert Martinez, Jr. catalog [found in Plaintiffs' Exhibit 2 to Plaintiffs' Fifth Amended Complaint].  Freddie Martinez, Sr. d/b/a Marfre Music Publishing filed copyrights for the Works and listed Marfre Music Publishing as the copyright claimant.  Neither Freddie Martinez, Sr. nor any other Martinez Defendant had the right, authority, or permission to claim ownership over Gilbert Martinez, Jr.'s Works.  Arnold Martinez is working to correct the copyright information and has complied, or is complying with, the statutory registration and deposit requirements of the Federal Copyright Act of 1976 in an effort to reclaim Works authored by his parents, Gilbert Martinez, Jr. and Katy Martinez.

> Arnold Martinez authored both the lyrics and the music to the Works, "*No Temas Al Amor*" and "*En Las Alas de un Angel.*" As with Gilbert Martinez, Jr., Freddie Martinez, Sr. d/b/a Marfre Music Publishing filed a copyright for these Works and listed Marfre Music Publishing as the copyright claimant.  Neither Freddie Martinez, Sr. nor any other Martinez Defendant had the right, authority, or permission to claim ownership over "*No Temas Al Amor*" or "*En Las Alas de un Angel.*"  Arnold Martinez is working to correct the copyright information and has complied, or is complying with, the statutory registration and deposit requirements of the Federal Copyright Act of 1976 in an effort to reclaim his Works.

> Between the years 1975-1982, Freddie Records, Inc. manufactured, produced, sold and distributed products containing Gilbert Martinez, Jr.'s and Katy Martinez's Works without a proper license and without permission or authority from Gilbert Martinez, Jr. or Katy Martinez.  Gilbert Martinez, Jr.'s and Katy Martinez's most popular Work during this time "*Tengo Penas*," [ ] has been recorded and released on albums by Los Invasores de Nuevo Leon, Tony De La Rosa, and Freddie Martinez, Sr.

> Neither Gilbert Martinez, Jr. nor Katy Martinez ever received royalties or their publishing share for Freddie Records, Inc.'s use and exploitation of their Works between the years 1975-1982.  In addition, neither Gilbert Martinez, Jr. nor Katy Martinez ever received an accounting from Freddie Records, Inc. or Freddie

Martinez, Sr. d/b/a Marfre Music Publishing for Freddie Records, Inc.'s use and exploitation of their Works between the years 1975-1982.

On October 12, 1982, Freddie Martinez, Sr. fraudulently induced Gilbert Martinez, Jr. to enter an "Exclusive Composer's Contract," which assigned Freddie Martinez, Sr. the exclusive rights to any and all songs Gilbert Martinez, Jr. composed between October 12, 1982 and October 12, 1985.

During the life of the October 12, 1982, Exclusive Composer's Contract, neither Gilbert Martinez, Jr. nor Katy Martinez received mechanical royalties or an accounting for the use and exploitation of their Works by Freddie Records, Inc. or Freddie Martinez, Sr., despite a contractual obligation to provide them.

Gilbert Martinez, Jr.'s and Katy Martinez's most popular Work during the life of the October 12, 1982, Exclusive Composer's Contract (1982-1985) was "*Una Carta*." Popular Tejano artist Ramon Ayala recorded and released "*Una Carta*" on at least eight Freddie Records, Inc. albums.  It was most recently released by Freddie Records, Inc. in 2010 on Ramon Ayala's album, "*Super #1's*."

Following the October 12, 1985, expiration of the Exclusive Composer's Contract, neither Gilbert Martinez, Jr. nor Katy Martinez received mechanical royalties or an accounting for the use and exploitation of their Works, including "*Una Carta*," by Freddie Records, Inc. or Freddie Martinez, Sr. from 1985 to the present.

Some of Gilbert Martinez, Jr.'s and Katy Martinez' most popular and successful Works, including "*Debajo De Aquiel Arbol*" and "*(La) Gaviota*" were composed after 1985, and after the expiration of the October 12, 1985, Exclusive Composer's Contract.  Both "*Debajo De Aquiel Arbol*" and "*(La) Gaviota*" were recorded by Ramon Ayala and released on several Freddie Records, Inc. album[s], such as "*Debajo de Aquel Arbol/Cuatro Caminos*" and "*20 Exitos Gigantes*."

Freddie Records, Inc. manufactured, produced, sold, and distributed products containing Arnold Martinez's original Works, "*No Temas Al Amor*" and "*En Las Alas de Un Angel*" without authority or permission from Arnold Martinez.

"*No Temas Al Amor*" was recorded by Ramon Ayala and included on the Freddie Records, Inc. album, "*Viajando con Los Bravos del Norte de Ramon Ayala*."  "*En Las Alas De Un Angel*" was also recorded by Ramon Ayala and was included on the Freddie Records, Inc. albums "*En Las Alas De Un Angel*," "*Puras Canciones Con Mario Marichalar*," and *"Super #1's*."

On May 8, 2008, Arnold Martinez signed an agreement with Marfre Music Publishing that assigned rights in and to "*No Temas Al Amor*" to Marfre Music

24

Publishing.  The agreement was not retroactive.  As discussed before, this contract was fraudulently induced by the Martinez Defendants and never would have been executed if their true intentions were disclosed.

In conjunction with the promises and inducements made by John Martinez acting on behalf of Freddie Martinez, Sr. d/b/a Marfre Music Publishing, Arnold Martinez executed the May 8, 2008, agreement and received a $3,000 advance.

Despite the Martinez Defendants' use and exploitation of "*No Temas Al Amor*," Arnold Martinez never has received mechanical royalties or accountings from Freddie Records, Inc., Freddie Martinez, Sr., or any of the other Martinez Defendants either pre or post-2008.  In addition, he has never received mechanical royalties or accountings from Freddie Records, Inc., Freddie Martinez, Sr., or any of the other Martinez Defendants for their use and exploitation of "*En Las Alas De Un Angel*."

Arnold Martinez repudiates the agreement and disclaims [the] agreement as well as any oral or implied license, and hereby tenders the return of any funds he may have received.

Prior to 2008, neither Freddie Martinez, Sr. nor Freddie Records, Inc. had any rights to "*No Temas Al Amor*" or permission or authority to exploit it.  Nevertheless, "*No Temas Al Amor*" was included on the Freddie Records, Inc. albums prior to 2008, including "*Viajando con Los Bravos del Norte de Ramon Ayala*" and "*Corazon Malo*."

Plaintiffs' Fifth Amended Complaint (Document No. 154) at 81-85.  With respect to Defendants Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, and Lee Martinez, Jr., and Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC, Plaintiff Arnold Martinez sets forth essentially the same allegations as made by Plaintiff Gary Guajardo, which are included verbatim above.  *See* Plaintiffs' Fifth Amended Complaint (Document No. 154) at 85-86, 87.

For the same reasons, and based on the same analysis above, Arnold Martinez, Individually and on behalf of the estates of Gilbert Martinez, Jr. and Katy Martinez and the Gilbert Martinez Heirs, <u>has</u> stated a claim for copyright infringement against Defendants Freddie Records, Inc.,

Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, and Marc Martinez; He <u>has not</u> stated a claim for copyright infringement against JoAnn Martinez or Lee Martinez, Jr.  In addition, his copyright claims against Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC are subject to being stricken or dismissed pursuant to FED. R. CIV. P. 12(e) based on his failure to allege the acts and/or conduct attributable to Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC.

With respect to the statute of limitations defense asserted by the Martinez Defendants, because it cannot be ascertained from the pleadings when the copyright infringement claim(s) accrued and/or when the last act of alleged infringement occurred, the copyright infringement claims are not subject to dismissal on that basis.  Moreover, with respect to the related argument that the statutory damages claim should be dismissed because there are no allegations of infringement occurring after Arnold Martinez registered the copyrights at issue (in 2010 and 2012), again, the pleadings do not conclusively establish that statutory damages are not available.  What the pleadings do reveal, however, is that Arnold Martinez, either individually or on behalf of the estates of Gilbert Martinez, Jr. , Katy Martinez, and the Gilbert Martinez Heirs, cannot recover statutory damages for any infringement that occurred prior to the dates the copyrights at issue were registered.

**E.     Ysidro Ortiz, Jr.**

Plaintiff Ysidro Ortiz, Jr. alleges in the Fifth Amended Complaint with respect to his ownership of a valid copyright, and Freddie Records, Inc.'s infringement, that:

> Ysidro Ortiz, Jr. played guitar and bass and created sound recordings for the following Fandango USA albums: "*Class Act/La Charanga*," "*Charanga Kings*," "*Mantanga La Changa*," "*Lo Mejor De . .. Fandango USA*," "*Con Sabor*," "*Fandango USA 10th Anniversary*," "*Siempre Contigo*," and "*Fandango USA. . . A*

> *Musical History.*"  Ysidro Ortiz, Jr. never received payment or compensation for his work.
>
> The sound recordings on the albums "*Class Act/La Charanga*" (SR686413 [2011]), "*Charanga Kings*" (SR686411 [2011]), "*Mantanga La Changa*" (SR686412 [2011]), "*Lo Mejor De . .. Fandango USA*" (SR686412 [2011]), "*Con Sabor*" (SR686409 [2011]), "*Fandango USA 10th Anniversary*" (SR686415 [2011]), "*Siempre Contigo*" (SR686410 [2011]), and "*Fandango USA. . . A Musical History*" (SR686418 [2011]) are copyrighted and in compliance with the statutory registration and deposit requirements of the Federal Copyright Act of 1976.
>
> As a musician whose performances were recorded and embodied on sound recordings Ysidro Ortiz, Jr. is the copyright owner of these recorded performances and consequently owns an interest in the sound recordings of Fandango USA.
>
> Neither Ysidro Ortiz, Jr. nor Fandango USA ever received any payments, royalties, or accountings from Freddie Records, Inc., Freddie Martinez, Sr. or any of the other Martinez Defendants for Freddie Records, Inc.'s use and exploitation of Fandango USA's Works.  Ortiz never assigned, conveyed or licensed any rights to the Martinez Defendants.  Any alleged transfer is repudiated.

Plaintiffs' Fifth Amended Complaint (Document No. 154) at 111-112.  With respect to Defendants Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, and Lee Martinez, Jr., and Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC, Plaintiff Ysidro Ortiz, Jr. sets forth essentially the same allegations as made by Plaintiff Gary Guajardo, which are included verbatim above.  *See* Plaintiffs' Fifth Amended Complaint (Document No. 154) at 113, 114.

For the same reasons, and based on the same analysis above, Ysidro Ortiz, Jr. has stated a claim for copyright infringement against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, and Marc Martinez; He has not stated a claim for copyright infringement against JoAnn Martinez or Lee Martinez, Jr.  In addition, his copyright claims against Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC are subject

to being stricken or dismissed pursuant to FED. R. CIV. P. 12(e) based on his failure to allege the acts and/or conduct attributable to Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC.

With respect to the statute of limitations defense asserted by the Martinez Defendants, because it cannot be ascertained from the pleadings when the copyright infringement claim(s) accrued and/or when the last act of alleged infringement occurred, the copyright infringement claims are not subject to dismissal on that basis. Moreover, with respect to the related argument that the statutory damages claim should be dismissed because there are no allegations of infringement occurring after Ysidro Ortiz, Jr. registered the copyrights at issue (in 2012), again, the pleadings do not conclusively establish that statutory damages are not available. What the pleadings do reveal, however, is that Ysidro Ortiz, Jr. cannot recover statutory damages for any infringement that occurred prior to the dates the copyrights at issue were registered.

### F.    Jesse Salcedo

Leticia "Letty" Salcedo, as the dependent administratrix of the Estate of Jesse Salcedo, asserts claims against the Martinez Defendants "Individually and on Behalf of the Estate of Jesse Salcedo." She alleges in the Fifth Amended Complaint with respect to Jesse Salcedo's ownership of a valid copyright, and Freddie Records, Inc.'s infringement, that:

> Jesse Salcedo authored or co-authored both the lyrics and the music to approximately sixty Works included on albums manufactured, produced, sold and distributed by Freddie Records, Inc. His publishing company, Jesa Music, is the owner of the publishing rights in and to these Works. Jesse Salcedo and/or Jesa Music is the copyright owner of the Works, "*Una Botella*" [PA0001698984 [June 22, 2010]), "*Tragos Amargos*" (PA0000104214 [May 27, 1981]), "*Prisionero Por Tu Amor*" (PA00001723067 [May 11, 2010]), and "*Nuestro Nido*" (June 21, 1991)]. Jesse Salcedo's and/or Jesa Music's copyright for these Works includes the words and music thereof.

Letty Salcedo, on behalf of Jesse Salcedo and Jesa Publishing, has complied, or is complying with, the statutory registration and deposition requirements of the Federal Copyright Act of 1976 for the remainder of Jesse Salcedo's Works, and the copyright registration for such Works currently is pending.

These Works were composed separate and apart from Jesse Salcedo's duties and responsibilities as the Sales and Promotion Director for Freddie Records, Inc., and were not works for hire.

Freddie Records, Inc. manufactured, produced, sold, and distributed albums and LP's containing Jesse Salcedo's Works, without a proper license and without permission or authority from Jesse Salcedo or Jesa Music.

For instance, Jesse Salcedo's most well-known Work, "*Tragos Amargos*," was recorded by Ramon Ayala y Los Bravos del Norte and included on at least eight Freddie Records, Inc. albums, including: "*15 Exitos Gigantes*," "*20 Exitis Gigantes*," "*En Vivo El Hombre y Su Musica*," "*Super #1's*," "*Dos Hombres Dos Acordeones*," "*Cruzando Fronteras*," "*Dos De Coleccion Vol. I*," and "*Antologia De Un Ray*."

Neither Freddie Records, Inc. Freddie Martinez, Sr, nor any of the other Martinez Defendants paid Jesse Salcedo, Jesa Music, or Letty Salcedo full mechanical royalties or provided complete accountings for Freddie Records, Inc.'s use and exploitation of Jesse Salcedo's Works.

Further, any and all monies either Jesse Salcedo, Jesa Music, or Letty Salcedo have received from Freddie Records, Inc. or the Martinez Defendants account only for the sale of cassettes and compact discs. Freddie Records, Inc. owes retroactive royalties to Letty Salcedo and/or Jesa Music, as it failed to provide any payment, royalties, or account for the sale of LPS, 45RPM, or 8 Tracks – all of which were fraudulently concealed.

In addition, neither Freddie Records, Inc., Freddie Martinez, Sr., nor any of the other Martinez Defendants paid Jesse Salcedo, Jesa Music, or Letty Salcedo foreign royalties for Freddie Records, Inc.'s or Discos Freddie S.A. de C.V.'s use and exploitation of Jesse Salcedo's Works in Mexico or Latin America.

\* \* \*

In addition to his musical compositions, Jesse Salcedo also created several original photographs of the artists and bands with whom he worked, including Tony Guerrero and La Sombra and Ramon Ayala y Sus Bravos del Norte. These photographs were created separate and apart from Jesse Salcedo's duties and responsibilities as the

Sales and Promotion Director for Freddie Records, Inc., and were not works for hire. The photographs are the sole intellectual property of Jesse Salcedo.

Freddie Records, Inc. used Jesse Salcedo's photographs on album covers and jackets that they manufactured, produced, sold, and distributed. Freddie Records, Inc. used these photographs without a license and without permission or authority from Jesse Salcedo.

Jesse Salcedo's original photographs are included on the following Freddie Records, Inc. album[] covers or jackets: "*El Amo de la Musica del Norte*" (VA0000225589 [May 22, 1986]), "*Corridos Famosos: Vol. 2*" (VA0000225597 [May 22, 1986]), "*Mi Golondrina/Una Botella*" (VA0000225588 [May 22, 1986]) and "*No Temas al Amore/Corazon Malo*"(VA000022596 (Nov. 22,1983), all by Ramon Ayala y sus Bravos del Norte, and "*No Hay Derecho*" (VA0000225596 [Nov. 22, 1983]) by La Sombra.

Jesse Salcedo's original photographs are copyrighted, and he is credited with taking and coordinating the photographs on the above-identified albums.

To date, neither Freddie Records, Inc., Freddie Martinez, Sr., nor any of the other Martinez Defendants provided Jesse Salcedo or Letty Salcedo with any payments or royalties for Freddie Records, Inc.'s use and exploitation of Jesse Salcedo's original photographs.

Plaintiffs' Fifth Amended Complaint (Document No. 154) at 131-134.  With respect to Defendants Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, and Lee Martinez, Jr., and Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC, Plaintiff Letty Salcedo sets forth essentially the same allegations as made by Plaintiff Gary Guajardo, which are included verbatim above.   *See* Plaintiffs' Fifth Amended Complaint (Document No. 154) at 135, 136-137.

For the same reasons, and based on the same analysis above, Letty/Jesse Salcedo has stated a claim for copyright infringement against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, and Marc Martinez; She has not stated a claim for copyright infringement against JoAnn Martinez or Lee Martinez, Jr.  In addition, her copyright infringement

claims against Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC are subject to being stricken or dismissed pursuant to FED. R. CIV. P. 12(e) based on her failure to allege the acts and/or conduct attributable to Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC.

With respect to the statute of limitations defense asserted by the Martinez Defendants, because it cannot be ascertained from the pleadings when the copyright infringement claim(s) accrued and/or when the last act of alleged infringement occurred, the copyright infringement claims are not subject to dismissal on that basis. Moreover, with respect to the related argument that the statutory damages claim should be dismissed because there are no allegations of infringement occurring after Letty Salcedo registered the copyrights at issue (in 2012), again, the pleadings do not conclusively establish that statutory damages are not available. What the pleadings do reveal, however, is that Letty Salcedo, individually and on behalf of the estate of Jesse Salcedo, cannot recover statutory damages for any infringement that occurred prior to the dates the copyrights at issue were registered.

### G.    Arturo Rene Serrata

Plaintiff Arturo Rene Serrata Guajardo alleges in the Fifth Amended Complaint with respect to his ownership of a valid copyright, and Freddie Records, Inc.'s infringement, that:

> [he] authored both the lyrics and the music to "*Quiero Conocerte*." Arturo Rene Serrata is the copyright owner of ""*Quiero Conocerte*" and has complied with the statutory registration and deposit requirement of the Federal Copyright Act of 1976 (PA0001777084 [Jan. 12, 2012]; SR0000692390 [Jan. 16, 2012]). Arturo Rene Serrata's copyright for "*Quiero Conocerte*" includes the words, music, performance, and recording thereof.
>
> Freddie Records, Inc. manufactured, produced, sold, and distributed products containing "*Quiero Conocerte*" without a proper license and without permission or

authority from Arturo Rene Serrata.  Specifically, Freddie Records, Inc.'s Rosita label released a compilation album by Los Chachos titled, "*30 Greatest Hits*," which contains "*Quiero Conocerte*."  Arturo Rene Serrata never gave Freddie Records, Inc. or any of the Martinez Defendants permission or authority to include "*Quiero Conocerte*" on the "*30 Greatest Hits*" album.

In addition, Arturo Rene Serrata learned that "*Quiero Conocerte*" was the lead song in the medley, "*Fantasia*," performed by popular Tejano artist Elida Reyna.  Freddie Records, Inc., released "*Fantasia*"on Elida Reyna's "*Fantasia*" album on or around March 23, 2010.  "*Fantasia*" became a hit song, for which Elida Reyna won a Latin Grammy.

Arturo Rene Serrata never received any royalty payments or accountings from Freddie Records, Inc., Freddie Martinez, Sr., or any of the other Martinez Defendants for Freddie Records, Inc.'s use and exploitation of "*Quiero Conocerte*."

Or around 1994, John Martinez delivered Arturo Rene Serrata a check for approximately $1,400.  However, he never told Arturo Rene Serrata what the check was for, and there was no accounting, statement, or receipt provided along with the check.  To date, it is unclear why John Martinez delivered this check to Arturo Rene Serrata, the refund of which is hereby tendered.

Plaintiffs' Fifth Amended Complaint (Document No. 154) at 152-153.  With respect to Defendants Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, and Lee Martinez, Jr., and Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC, Plaintiff Arturo Rene Serrata sets forth essentially the same allegations as made by Plaintiff Gary Guajardo, which are included verbatim above.  *See* Plaintiffs' Fifth Amended Complaint (Document No. 154) at 153, 154-155.

For the same reasons, and based on the same analysis above, Arturo Rene Serrata <u>has</u> stated a claim for copyright infringement against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, and Marc Martinez; He <u>has not</u> stated a claim for copyright infringement against JoAnn Martinez or Lee Martinez, Jr.  In addition, his copyright claims against Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC are subject

to being stricken or dismissed pursuant to FED. R. CIV. P. 12(e) based on his failure to allege the acts and/or conduct attributable to Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC.

With respect to the statute of limitations defense asserted by the Martinez Defendants, because it cannot be ascertained from the pleadings when the copyright infringement claim(s) accrued and/or when the last act of alleged infringement occurred, the copyright infringement claims are not subject to dismissal on that basis. Moreover, with respect to the related argument that the statutory damages claim should be dismissed because there are no allegations of infringement occurring after Arturo Rene Serrata registered the copyrights at issue (in 2012), again, the pleadings do not conclusively establish that statutory damages are not available. What the pleadings do reveal, however, is that Arturo Rene Serrata cannot recover statutory damages for any infringement that occurred prior to the dates the copyrights at issue were registered.

### H.    Ruben Guanajuato

Plaintiff Ruben Guanajuato alleges in the Fifth Amended Complaint with respect to his ownership of a valid copyright, and Freddie Records, Inc.'s infringement, that:

> [he] authored both the lyrics and the music to "*Innocente Mujer.*"  He is the copyright owner of "*Innocente Mujer*" and has complied with the statutory registration and deposit requirement of the Federal Copyright Act of 1976 (PAu003581822 [2011]. Ruben Guanajuato's copyright for the Work includes the words, music, performance, and recording thereof.

> Freddie Records, Inc. manufactured, produced, sold, and distributed products containing "*Innocente Mujer*" without a proper license and without permission or authority from Ruben Guanajuato.  Specifically, in or around 1995, Freddie Records, Inc. released the album "*La Muerte De Los Fonseca,*" by Tejano band Los Terribles Del Norte, which contained a recording of "*Innocente Mujer.*"

33

Ruben Guanajuato never received any royalty payments or accountings from Freddie Records, Inc., Freddie Martinez, Sr., or any of the other Martinez Defendants for Freddie Records, Inc.'s use and exploitation of his Work.

Plaintiffs' Fifth Amended Complaint (Document No. 154) at 168-169. With respect to Defendants Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, and Lee Martinez, Jr., and Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC, Plaintiff Ruben Guanajuato sets forth essentially the same allegations as made by Plaintiff Gary Guajardo, which are included verbatim above. *See* Plaintiffs' Fifth Amended Complaint (Document No. 154) at 169, 170-171.

For the same reasons, and based on the same analysis above, Ruben Guanajuato has stated a claim for copyright infringement against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, and Marc Martinez; He has not stated a claim for copyright infringement against JoAnn Martinez or Lee Martinez, Jr. In addition, his copyright claims against Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC are subject to being stricken or dismissed pursuant to FED. R. CIV. P. 12(e) based on his failure to allege the acts and/or conduct attributable to Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC.

With respect to the statute of limitations defense asserted by the Martinez Defendants, because it cannot be ascertained from the pleadings when the copyright infringement claim(s) accrued and/or when the last act of alleged infringement occurred, the copyright infringement claims are not subject to dismissal on that basis. Moreover, with respect to the related argument that the statutory damages claim should be dismissed because there are no allegations of infringement occurring after Ruben Guanajuato registered the copyrights at issue (in 2011), again, the pleadings

do not conclusively establish that statutory damages are not available.  What the pleadings do reveal, however, is that Ruben Guanajuato cannot recover statutory damages for any infringement that occurred prior to the dates the copyrights at issue were registered.

### I.      Ruben Ramos

Plaintiff Ruben Ramos alleges in the Fifth Amended Complaint with respect to his ownership of a valid copyright, and Freddie Records, Inc.'s infringement, that:

> [he] recorded approximately ten unique sound recordings that Freddie Records, Inc. released on the album, "*Legendary Hits: The Encore Collection*."  Ruben Ramos is the owner of these original sound recordings, and has complied, or is complying with, the statutory registration and deposit requirement of the Federal Copyright Act of 1976.

> Freddie Records, Inc. manufactured, produced, sold, and distributed "*Legendary Hits: The Encore Collection*," which included Ruben Ramos' original sound recordings, without a proper license and without permission or authority from Ruben Ramos.

> Ruben Ramos never received any royalty payments or accountings from Freddie Records, Inc., Freddie Martinez, Sr., or any of the other Martinez Defendants for Freddie Records, Inc.'s use and exploitation of his Works.

Plaintiffs' Fifth Amended Complaint (Document No. 154) at 175-176.  With respect to Defendants Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, and Lee Martinez, Jr., and Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC, Plaintiff Ruben Ramos sets forth essentially the same allegations as made by Plaintiff Gary Guajardo, which are included verbatim above.   *See* Plaintiffs' Fifth Amended Complaint (Document No. 154) at 176, 177-178.

For the same reasons, and based on the same analysis above, Ruben Ramos <u>has</u> stated a claim for copyright infringement against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, and Marc Martinez; He <u>has not</u> stated a claim for copyright

infringement against JoAnn Martinez or Lee Martinez, Jr.  In addition, his copyright claims against Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC are subject to being stricken or dismissed pursuant to FED. R. CIV. P. 12(e) based on his failure to allege the acts and/or conduct attributable to Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC.

With respect to the statute of limitations defense asserted by the Martinez Defendants, because it cannot be ascertained from the pleadings when the copyright infringement claim(s) accrued and/or when the last act of alleged infringement occurred, the copyright infringement claims are not subject to dismissal on that basis.  Moreover, with respect to the related argument that the statutory damages claim should be dismissed because there are no allegations of infringement occurring after Ruben Ramos registered the copyrights at issue (in 2012), again, the pleadings do not conclusively establish that statutory damages are not available.  What the pleadings do reveal, however, is that Ruben Ramos cannot recover statutory damages for any infringement that occurred prior to the dates the copyrights at issue were registered.

### J.    Johnny Isquierdo & Adolfo DeLeon

Plaintiffs Johnny Isquierdo and Adolfo DeLeon allege in the Fifth Amended Complaint with respect to their ownership of a valid copyright, and Freddie Records, Inc.'s infringement, that:

> Johnny Isquierdo authored both the lyrics and music to the Works included on the Invasion albums, "*The Time Has Come*" and "*Entre La Juventud*."  In addition, Johnny Isquierdo recorded, arranged, and produced the Works on "*The Time Has Come*" and "*Entre La Juventud*."
>
> Adolfo DeLeon played the bass guitar and the trumpet on the sound recordings included on "*The Time Has Come*" and "*Entre La Juventud*."  He also arranged and produced the Works on "*The Time Has Come*" and "*Entre La Juventud*."  As such, he owns a share in all of these sound recordings.

Johnny Isquierdo is the owner of all of the Works on the Invasion albums, "*The Time Has Come*" and "*Entre La Juventud*."  He has complied, or is complying with, the statutory registration and deposit requirements of the Federal Copyright Act of 1976. The copyright status of these Works currently is pending.

Freddie Records, Inc. allowed Invasion to use its recording studio to record "*The Time Has Come*" and "*Entre La Juventud*."  However, neither Freddie Records, Inc. nor any of the other Martinez Defendants had rights or ownership over the Works included on the albums or the albums themselves.

Neither Johnny Isquierdo nor Adolfo DeLeon sold, assigned, transferred or conveyed the rights in or to their original sound recordings or musical compositions to Freddie Records, Inc. or any other Martinez Defendant.  Nevertheless, Freddie Records, Inc. manufactured, produced, sold, and distributed copies of both "*The Time Has Come*" and "*Entre La Juventud*."without a proper license or authority from Johnny Isquierdo.

Neither Johnny Isquierdo nor Adolfo DeLeon ever received any royalty payments or accountings from Freddie Records, Inc., Freddie Martinez, Sr., or any of the other Martinez Defendants for Freddie Records, Inc.'s unauthorized use and exploitation of their Works.

Plaintiffs' Fifth Amended Complaint (Document No. 154) at 191-192.  With respect to Defendants Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, and Lee Martinez, Jr., and Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC, Plaintiffs Johnny Isquierdo and Adolfo DeLeon set forth essentially the same allegations as made by Plaintiff Gary Guajardo, which are included verbatim above.  *See* Plaintiffs' Fifth Amended Complaint (Document No. 154) at 192-193, 194-195.

For the same reasons, and based on the same analysis above, Johnny Isquierdo and Adolfo DeLeon have stated a claim for copyright infringement against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, and Marc Martinez; They have not stated a claim for copyright infringement against JoAnn Martinez or Lee Martinez, Jr.  In addition, their copyright claims against Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC

and SCMP, LLC are subject to being stricken or dismissed pursuant to FED. R. CIV. P. 12(e) based on their failure to allege the acts and/or conduct attributable to Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC.

With respect to the statute of limitations defense asserted by the Martinez Defendants, because it cannot be ascertained from the pleadings when the copyright infringement claim(s) accrued and/or when the last act of alleged infringement occurred, the copyright infringement claims are not subject to dismissal on that basis. Moreover, with respect to the related argument that the statutory damages claim should be dismissed because there are no allegations of infringement occurring after Johnny Isquierdo and Adolfo DeLeon registered the copyrights at issue (in 2012), again, the pleadings do not conclusively establish that statutory damages are not available. What the pleadings do reveal, however, is that Johnny Isquierdo and Adolfo DeLeon cannot recover statutory damages for any infringement that occurred prior to the dates the copyrights at issue were registered.

### K.  Jose Guzman

Plaintiff Jose Guzman alleges in the Fifth Amended Complaint with respect to his ownership of a valid copyright, and Freddie Records, Inc.'s infringement, that:

> [he] authored both the lyrics and music to the Works included on albums and LP's manufactured, produced, sold and distributed by Freddie Records, Inc. Jose Guzman is the owner of these Works. Jose Guzman is the copyright owner of the Works "*Por Culpa De Una Casada*" (PAu000035097 [July 27, 1978]) and "*Al Recuerdo de Tu Amor*" (PAu000192379 [April 21, 1980]). Jose Guzman's copyright for these Works includes the words and music thereof.

> In addition, Jose Guzman has complied, or is complying with, the statutory registration and deposit requirements of the Federal Copyright Act of 1976 for the following Works: "*Triste Aventurera (Cartas De Amor)*," "*Campana Que Ya No Toca*," "*Por Ser Lo Que Soy*," "*Que Quieres De Mi*," "*Por Culpa de Una Casada*," "*Madrecita Querida*," and "*Corrido De Los Hermanos Zuniga*." Jose Guzman is the author of the original words and music of these Works.

> Freddie Records, Inc. manufactured, produced, sold, and distributed albums and LP's containing Jose Guzman's above-listed Works, without a proper license and without permission or authority from Jose Guzman.
>
> Jose Guzman never received any payments, royalties, or accountings from Freddie Records, Inc., Freddie Martinez, Sr., or any of the other Martinez Defendants for Freddie Records, Inc.'s unauthorized use and exploitation of his Works.

Plaintiffs' Fifth Amended Complaint (Document No. 154) at 208.  With respect to Defendants Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, and Lee Martinez, Jr., and Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC, Plaintiff Jose Guzman sets forth essentially the same allegations as made by Plaintiff Gary Guajardo, which are included verbatim above.   *See* Plaintiffs' Fifth Amended Complaint (Document No. 154) at 209, 210-211.

For the same reasons, and based on the same analysis above, Jose Guzman has stated a claim for copyright infringement against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, and Marc Martinez; He has not stated a claim for copyright infringement against JoAnn Martinez or Lee Martinez, Jr.  In addition, his copyright claims against Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC are subject to being stricken or dismissed pursuant to FED. R. CIV. P. 12(e) based on his failure to allege the acts and/or conduct attributable to Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC.

## V.      Discussion – Tampering with Copyright Management Information Claims

Three Plaintiffs, Arnold Martinez, Jesse Salcedo and Jose Guzman, have alleged a claim for tampering with copyright management information.  Plaintiff Arnold Martinez has alleged that claim

against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Brothers Trei, Ltd., Martzcom

Music, LLC, Marfre, LLC and SCMP, LLC.  Plaintiffs Jesse Salcedo and Jose Guzman have only

alleged that claim against Defendant Freddie Records, Inc.

17 U.S.C. § 1202, part of the Digital Millennium Copyright Act, provides as follows with

respect to copyright management information:

> **(a)  False copyright management information.** – No person shall knowingly and
> with the intent to induce, enable, facilitate, or conceal infringement –
>
> > (1) provide copyright management information that is false, or
> >
> > (2) distribute or import for distribution copyright management information
> > that is false.
>
> **(b) Removal or alteration of copyright management information**. – No person
> shall, without authority of the copyright owner or the law –
>
> > (1) intentionally remove or alter any copyright management information,
> >
> > (2) distribute or import for distribution copyright management information
> > knowing that the copyright management information has been removed or
> > altered without authority of the copyright owner or the law, or
> >
> > (3) distribute, import for distribution, or publicly perform works, copies of
> > works, or phonorecords, knowing that copyright management information has
> > been removed or altered without authority of the copyright owner or the law,
>
> knowing, or, with respect to civil remedies under section 1203, having reasonable
> grounds to know, that it will induce, enable, facilitate, or conceal an infringement of
> any right under this title.

"Copyright management information," in turn, is defined by 17 U.S.C. § 1202(c) as

> any of the following information conveyed in connection with copies or
> phonorecords of a work or performances or displays of a work, including in digital
> form, except that such term does not include any personally identifying information
> about a user of a work or of a copy, phonorecord, performance, or display of a work:

(1) The title and other information identifying the work, including the information set forth on a notice of copyright.

(2) The name of, and other identifying information about, the author of a work.

(3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright.

(4) With the exception of public performances of works by radio and television broadcast stations, the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work.

(5) With the exception of public performances of works by radio and television broadcast stations, in the case of an audiovisual work, the name of, and other identifying information about, a writer, performer, or director who is credited in the audiovisual work.

(6) Terms and conditions for use of the work.

(7) Identifying numbers or symbols referring to such information or links to such information.

(8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work.

Defendants argue in their Motions to Dismiss that Plaintiffs Arnold Martinez, Letty/Jesse Salcedo and Jose Guzman cannot maintain a claim for tampering with copyright management information because there are no allegations "linking this conduct to the Internet, electronic commerce, or any other purpose for which the Digital Millennium Copyright Act was enacted." Martinez Defendants' Motion to Dismiss (Document No. 163) at 49.

### A.    Arnold Martinez

In his claim for tampering with copyright management information, Plaintiff Arnold Martinez alleges that Freddie Records, Inc. and Freddie Martinez, Sr. d/b/a Marfre Music Publishing Company falsely identified "Gilbert Martinez, Jr. as the author of '*No Temas Al Amor*'" and that Freddie

Records, Inc. "falsely represented that Marfre Music Publishing had a publishing 'Contract Agreement' with Gilbert Martinez, Jr. that included '*No Temas Al Amor*.'"  Plaintiffs' Fifth Amended Complaint (Document No. 154) at 89.  With respect to Plaintiff Arnold Martinez' assertion of a tampering with copyright management information claim against Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC, and SCMP, he alleges that they are violating § 1202(b) "and tampering with copyright management information to the extent that they continue to manufacture, produce, sell, and distribute products incorrectly identifying Gilbert Martinez, Jr. as the author of '*No Temas Al Amor*.'"  *Id.* at 90.

Notwithstanding Plaintiff Arnold Martinez's failure to allege with any specificity the use of a technological process or measure, [7] he has stated a claim against Freddie Records, Inc. and Freddie Martinez, Sr. d/b/a Marfre Music Publishing for tampering with copyright management information. *See e.g. Interplan Architect, Inc. v. C.L. Thomas, Inc.*, No.4:08-cv-03181, 2009 WL 6443117 (S.D. Tex. Nov. 13, 2009) (concluding that there is no textual support in the wording of 17 U.S.C. § 1202 limiting its applicability to technological processes).  With respect to Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC, however, Plaintiff Arnold Martinez has failed to state such a claim within the plausibility requirements of *Twombly* and *Iqbal*.  There are no allegations that Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC made any false statement relative to the authorship of  "*No Temas Al Amor*" and only

---

[7] In *Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc.*, 421 F.3d 1307, 1318 (Fed. Cir. 2005), the Federal Circuit concluded that a claim under 17 U.S.C. § 1201 ("Circumvention of copyright protection systems') required proof that the "circumvention of the technological measure either 'infringes or facilities infringing a right protected by the Copyright Act.'"  Here, Plaintiffs have not alleged a claim under § 1201.  In addition, Plaintiffs have at least nominally alleged that Defendants used technological measures or processes when they made Plaintiffs works available in "digital download" format.  Plaintiffs' Fifth Amended Complaint (Document No. 154) at 12.

conclusory allegations that they are liable for the prior conduct of Freddie Records, Inc. and Freddie Martinez, Sr.

### B.    Letty/Jesse Salcedo

Plaintiff Letty Salcedo, individually and on behalf of the estate of Jesse Salcedo, alleges in her claim for tampering with copyright management information that Freddie Records, Inc. falsely identified  "Cornelio Reyna as the songwriter of 'Pagaras Tu Precio'" on the album cover of "*15 Exitos Nortenos,*" and that Freddie Records, Inc. "incorrectly listed itself as the copyright claimant" of Jesse Salcedo's original photographs and falsely identified Jesse Salcedo's "original photographs as works for hire." *Id.* at 138, 139.   Letty Salcedo has stated a claim against Freddie Records, Inc. for tampering with copyright management information.

### C.    Jose Guzman

Plaintiff Jose Guzman alleges, in support of his claim for tampering with copyright management information, that Freddie Records, Inc. renamed "'*Triste Aventurera*' on the Los Dos Gilbertos album" and falsely identified "Reynaldo Pena Ortiz as the songwriter." *Id.* at 211.  Jose Guzman has stated a claim against Freddie Records, Inc. for tampering with copyright management information.


## VI.    Discussion – Fraud Claims

Nine of the eleven sets of Plaintiffs have alleged fraud-based claims against Defendants Freddie Records, Inc., Freddie Martinez, Sr., John Martinez and John Martinez.   Couched as fraud/fraudulent inducement/fraudulent concealment claims, each of the nine plaintiffs to assert a fraud-based claim alleges, in the most general of terms, that they were misled by Defendants when

they were told that it would be in their "best financial interest" to convey possession of their Works to Freddie Records, Inc., that their rights and interests in their Works would be protected, profitable and safe, that Defendants would "take care of" them, and that they would be "fairly compensated." Plaintiffs all also allege that Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr. and John Martinez knew that Freddie Records, Inc. had a "long history of under-reporting and underpaying the royalties owed to its artists and songwriters," "knew that Freddie Records, Inc. fails to keep proper records and account for its use and exploitation of sound recordings and musical compositions," and knew that individual song contracts "provided rights and compensation that were inequitable and below industry standard." *See* Plaintiffs' Fifth Amended Complaint (Document No. 154) at 32-33 (Guajardo); 55-57 (Hugo Cesar Guerrero); 92-93 (Arnold Martinez); 115-116 (Ysidro Ortiz, Jr); 140-141 (Letty/Jesse Salcedo); 156-157 (Arturo Rene Serrata); 178-179 (Ruben Ramos); 195-196 (Johnny Isquierdo and Adolfo DeLeon); 212-213 (Jose Guzman).

A common law action for fraud in Texas requires proof of "(1) a misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). In addition, in pleading a cause of action for fraud, FED. R. CIV. P. 9(b) requires a party to "state with particularity the circumstances constituting fraud." That entails setting forth the "particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tuchman v. DCS Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir.) (quoting *Tel-Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)), *reh'g and reh'g en banc denied*, 20 F.3d 1172 (5th Cir. 1994).

44

None of the nine Plaintiffs' fraud claims meet Rule 9(b)'s heightened pleading requirements. For all Plaintiffs other than Arnold Martinez, there are no allegations as to the time or place of the alleged misrepresentations, and no allegations in support of each Plaintiffs' fraud claim of the identity of the person(s) making the alleged misrepresentations. In addition, as to the substance of the alleged misrepresentations, there are no specifics by any of the Plaintiffs, including Arnold Martinez – only generalized statements that certain actions were in Plaintiffs' "best financial interest," that Plaintiffs' would be "taken care of," that Plaintiffs would be "treated fairly" and that Plaintiffs' interests and rights would be "protected." Plaintiffs' allegations in support of their fraud-based claims fall far short of Rule 9(b)'s pleading requirements and are therefore subject to dismissal.

Normally, when fraud claims are subject to dismissal for failure to meet Rule 9(b)'s particularity requirements, amendment should be allowed "unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248, n.6 (5th Cir. 2000). Here, while Plaintiffs have not previously been instructed to amend their complaint in order to comply with the particularity requirements of Rule 9(b), Plaintiffs have now amended their complaint <u>five</u> times. In addition, Plaintiffs argue, without any alternative request for leave to amend, that their pleadings fully satisfy the pleading requirements for fraud claims. *See* Plaintiffs' Response to the Martinez Defendants' Motion to Dismiss (Document No. 171) at 22. Further, Plaintiffs' other allegations suggest, to some degree, that Plaintiffs cannot provide more details in support of their fraud-based claims. The relationship between Freddie Records, Inc. and the individual Plaintiffs spanned decades. Some of the artists/musicians are now deceased, with their estates pursuing their claims. Those facts suggest

substantial difficulty in pleading the "when" and "where" allegations that are essential to a fraud claim under Rule 9(b).  Finally, Plaintiffs have "over-pled" this case, both in terms of the claims alleged and the Defendants named.  Because there is nothing in the record that would indicate or suggest that Plaintiffs can plead their "fraud-based" claims with the particularity required by Rule 9(b), allowing further amendment is not warranted.

**VII.    Discussion – Breach of Contract Claims**

Five Plaintiffs, Gary Guajardo, Hugo Cesar Guerrero, Arnold Martinez, Ysidro Ortiz, Jr. and Jose Guzman have asserted breach of contract claims against Freddie Records, Inc., Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP. LLC.  Plaintiffs Gary Guajardo, Arnold Martinez and Jose Guzman have also alleged their breach of contract claims against Freddie Martinez, Sr.   Finally, Plaintiff Gary Guajardo has alleged his breach of contract claim against Freddie Martinez, Jr, and Plaintiff Arnold Martinez has alleged his breach of contract claim against John Martinez.

In Texas, the elements of a breach of contract claim include: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."  *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg & Supply Co. v. Kalama Int'l, LLC*, 51 S.W.3d 345, 351 (Tex. App.– Houston [1st Dist.] 2001)).  "As a general rule, a suit for breach of contract may not be maintained against a person who is not a party to the contract."  *Bernard Johnson, Inc. v. Continental Constructors, Inc.*, 630 S.W.2d 365, 369 (Tex. App.–Austin 1982).  When a plaintiff seeks to hold a non-signatory liable for breach of contract, the plaintiff "has

the burden to prove that the defendant has obligated himself under the contract." *Miles v. Plumbing Services of Houston, Inc.*, 668 S.W.2d 509, 512 (Tex. App.– Houston [14th Dist.] 1984, writ ref'd n.r.e.).

### A. Gary Guajardo

Plaintiff Gary Guajardo alleges that he entered into individual song contracts for "*Eres Mia*," "*Siento Verte Partir*," and "*Quisiera Tenerto Aqui*" with Marfre Music Publishing, the d/b/a/ of Freddie Martinez, Sr.   Plaintiffs' Fifth Amended Complaint (Document No. 154) at 35.   On various bases, Gary Guajardo argues that the contracts are not valid, binding, or enforceable.   To the extent the contracts are valid, binding and enforceable, Guajardo alleges with his breach of contract claim that he "has not received any of the royalty payments he is contractually entitled to for the use and exploitation of '*Eres Mia*,' '*Siento Verte Partir*,' and '*Quisiera Tenerto Aqui*'.  *Id.* at 36.

Plaintiff Guajardo, who alleges that he entered into a contract with Freddie Martinez, Sr. d/b/a Marfre Music Publishing, and who alleges that he was not paid the royalties provided for by the contract, has stated a breach of contract claim against Freddie Martinez, Sr.  Plaintiff Guajardo has not, however, stated a breach of contract claim against Freddie Records, Inc., Freddie Martinez, Jr, Brothers Trei, Ltd, Martzcom Music, LLC, Marfre, LLC or SCMP, LLC.   That is because there are no allegations that Freddie Records, Inc., Freddie Martinez, Jr., Brothers Trei, Ltd, Martzcom Music, LLC, Marfre, LLC or SCMP, LLC were parties to the contract, and no allegations that Freddie Records, Inc., Freddie Martinez, Jr., Brothers Trei, Ltd, Martzcom Music, LLC, Marfre, LLC or SCMP, LLC became obligated to perform under the terms of the contract.   While Plaintiffs allege that assets were transferred by Freddie Records, Inc. and Freddie Martinez, Sr. to Brothers Trei, Ltd, Martzcom Music, LLC, Marfre, LLC or SCMP, LLC in November 2010, there are no factual

allegations *relative to the contract(s) upon which Plaintiff Guajardo bases his breach of contract claim* that supports a *plausible* breach of contract claim against Freddie Records, Inc., Freddie Martinez, Jr., Brothers Trei, Ltd, Martzcom Music, LLC, Marfre, LLC or SCMP, LLC. All Plaintiff Guajardo alleges as against Freddie Records, Inc., Brothers Trei, Ltd, Martzcom Music, LLC, Marfre, LLC or SCMP, LLC. are mere conclusions as to their successor liability.

### B.     Hugo Cesar Guerrero

Plaintiff Hugo Cesar Guerrero alleges that "Baldemar Munoz, a singer and musician with Fandango USA" entered into a one year "Exclusive Recording Artist Contract for the World" with Freddie Records, Inc. Plaintiffs' Fifth Amended Complaint (Document No. 154) at 58. Hugo Cesar Guerrero further alleges that Baldemar Munoz had no authority to act on behalf of Fandango USA and that the agreement is not valid, binding or enforceable as to Fandango USA or Hugo Cesar Guerrero. *Id.* at 58-59. To the extent the contract is valid, binding, and enforceable, Hugo Cesar Guerrero alleges that "[t]o date, Fandango USA has never received any payments from Freddie Records, Inc. or any of the Martinez Defendants." *Id.* at 59.

Plaintiff Hugo Cesar Guerrero, with his allegations that he entered into a contract with Freddie Records, Inc., and has not received the payments called for by that contract, has stated a breach of contract claim against Freddie Records, Inc. However, as set forth above, there are no factual allegations that would support such a breach of contract claim against Brothers Trei, Ltd, Martzcom Music, LLC, Marfre, LLC and SCMP, LLC, and such a claim is subject to dismissal pursuant to Rule 12(b)(6).

### C.    Arnold Martinez

Arnold Martinez, on behalf of the estates of Gilbert Martinez, Jr. and Katy Martinez and the Gilbert Martinez Heirs, alleges that Gilbert Martinez, Jr, entered into an "Exclusive Composer's Contract" with Freddie Martinez, Sr. d/b/a Marfre Music Publishing, and that "Freddie Martinez, Sr. failed to abide by he terms of the October 12, 1982 Agreement, as he failed to remit to Gilbert Martinez, Jr. any royalties or payments." Plaintiffs' Fifth Amended Complaint (Document No. 154) at 94-95. He also alleges that a separate, undated contract, between Gilbert Martinez, Jr. and Freddie Martinez, Sr. d/b/a Marfre Music Publishing is not valid or enforceable; but, to the extent the contract is valid and enforceable, Freddie Martinez, Sr. breached the contract by not paying the royalties due thereunder. *Id.* at 96. Arnold Martinez, Individually, alleges that he entered into a publishing contract with Marfre Music Publishing for "*No Temas Al Amor*" and that Freddie Martinez, Sr. d/b/a Marfre Music Publishing breached that agreement by failing to pay him "the monies agreed upon in the May 8, 2008, publishing contract." *Id.* at 97. As against Freddie Martinez, Sr. d/b/a Marfre Music Publishing, who was a party to the contracts/agreements about which Arnold Martinez complains, Arnold Martinez has stated plausible breach of contract claims. He has not, however, stated plausible breach of contract claims against Freddie Records, Inc., John Martinez, Brothers Trei, Ltd. Martzcom Music, LLC, Marfre, LLC and SCMP, LLC. Arnold Martinez alleges "upon information and belief" that the "contract rights held by Freddie Records, Inc. and Freddie Martinez, Sr. are among the properties they transferred to Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and/or SCMP, LLC." *Id.* at 98. But, he has not alleged any facts, *relative to the contract(s) upon which Plaintiff Arnold Martinez bases his breach of contract claim*s that supports a *plausible* breach of contract claim against Freddie Records, Inc., Brothers Trei,

Ltd, Martzcom Music, LLC, Marfre, LLC or SCMP, LLC.  All Arnold Martinez alleges with respect

to Freddie Records, Inc., Brothers Trei, Ltd, Martzcom Music, LLC, Marfre, LLC or SCMP, LLC

are mere conclusions as to their successor liability on the contracts at issue.

### D.     Ysidro Ortiz, Jr.

Ysidro Ortiz, Jr. alleges that Baldemar Munoz, purportedly but improperly on behalf of

Fandango USA, entered into an exclusive recording contract with Freddie Records, Inc.  Plaintiffs'

Fifth Amended Complaint (Document No. 154) at 118. Ysidro Ortiz, Jr. alleges that the contract is

not valid, binding or enforceable, but, to the extent it is, the contract has been breached because

neither he not Fandango USA "have ever received any payments from  Freddie Records, Inc, or any

of the Martinez Defendants for the sound recordings included on the above-listed albums."  *Id.* at

119.  Ysidro Ortiz, Jr, has stated a plausible breach of contract claim against Freddie Records, Inc.

But, for the same reasons set forth above, he has not stated a plausible breach of contract claim

against Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC or SCMP, LLC.

### E.     Jose Guzman

Jose Guzman alleges that he entered into an agreement with Freddie Martinez, Sr, and that

he has not been paid the royalties provided for thereunder.  Plaintiffs' Fifth Amended Complaint

(Document No. 154) at 214-215.  These allegations state a plausible breach of contract claim against

Freddie Martinez, Sr.  They do not, nor are there any other allegations that, state a plausible breach

of contract claim against Freddie Records, Inc., Martzcom Music, LLC, Marfre, LLC, or SCMP,

LLC.  Again, all Plaintiff Jose Guzman alleges with respect to Freddie Records, Inc., Martzcom

Music, LLC, Marfre, LLC, or SCMP, LLC are mere conclusions as to their successor liability based

on asset transfers.

## VIII.   Discussion – Negligence Claims

Nine of the eleven Plaintiffs (all but Adan Sanchez and Ruben Guanajuato) have alleged claims of negligence/gross negligence/ negligent misrepresentation against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez, Marc Martinez, JoAnn Martinez, Lee Martinez, Jr., Brothers Trei, Ltd, Martzcom, LLC, Marfre, LLC, and SCMP, LLC. Each negligence claim against Freddie Records, Inc. and the Individual Martinez Defendants is based on essentially the same allegations: that Plaintiffs entrusted their Works to Freddie Records, Inc.; that Plaintiffs were owed a "legal duty to use ordinary care in managing Freddie Records, Inc's affairs; that Freddie Records, Inc. and the Individual Martinez Defendants "breached the duty of ordinary care that they" owed Plaintiffs "by failing to operate Freddie Records, Inc. in the same or similar manner as a reasonably prudent record company, publisher, manufacturer, and distributor"; that Freddie Records, Inc. and the Individual Martinez Defendants "negligently represented that they would protect" Plaintiffs' rights and interests; that they "did not put any controls in place to assure that in-house manufacturing and cash transactions were handled in accordance with generally accepted accounting practices"; that they "engaged in a system of pocket invoices to prevent [Plaintiffs] from accurately tracking and quantifying the exploitation of their Works"; and they "neglected to set up systems or any other reasonably prudent mechanism with which to monitor and document the manufacturing, distribution, sales, or other exploitation of musical compositions and sound recordings." Plaintiffs' Fifth Amended Complaint (Document No. 154) at 37-38 (Gary Guajardo); 60-61 (Hugo Cesar Guerrero); 99-101 (Arnold Martinez); 120-121 (Ysidro Ortiz, Jr.); 142-143 (Letty/Jesse Salcedo); 158-159 (Arturo Rene Serrata); 180-181 (Ruben Ramos); 198-199 (Johnny Isquierdo and Adolfo DeLeon); 216-217 (Jose Guzman).  As for Brothers Trei, Ltd.,

Martzcom Music, LLC, Marfre, LLC and SCMP, LLC, Plaintiffs negligence allegations against them appear to be based on a theory of successor liability based on the transfer of assets to them from Freddie Records, Inc. and Freddie Martinez, Sr.

In Texas, to state a negligence claim, Plaintiffs must allege, with facts, that the Martinez Defendants owed them a duty, that the Martinez Defendants breached that duty, and that the breach proximately caused harm to Plaintiffs. *Davis v. Dallas County*, 541 F. Supp. 2d 844, 850 (N.D. Tex. 2008). "The threshold inquiry in a negligence case is whether the defendant owes a legal duty to the plaintiff." *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). A duty represents a legally enforceable obligation to conform to a particular standard of conduct." *Way v. Boy Scouts of America*, 856 S.W.2d 230, 233 (Tex. App.–Dallas 1993). Whether a duty exists as between the plaintiff and defendant is a matter of law for the court to decide. *Centeq*, 899 S.W.2d at 197.

Here, there is no case law that would support a duty as between Plaintiffs and Defendants. In fact, there are cases to the contrary. *See e.g., King v. Ames*, Civil Action No. 3:95-CV-3180-G, 1997 WL 86416 (N.D. Tex. Feb. 18, 1997) (finding no duty, apart from that created by contract to support musician's negligence claim, which was based on defendants alleged failure "to act as a reasonably prudent record company"), *aff'd in part*, 179 F.3d 370, 375 (5th Cir. 1999) ("the district court found that the only duty Ames may have breached was created by contract. . . . we agree with the district court."). Moreover, there are no facts alleged from which the Court could conclude, as a matter of law, that a duty of reasonable care in the management of Plaintiffs' copyrighted works arose between Plaintiffs and the Martinez Defendants separate and apart from the obligations created by the Copyright Act of 1976. As there is no legal or factual basis for finding a duty as between

52

Plaintiffs and the Martinez Defendants, Plaintiffs have not stated plausible claim(s) of negligence against the Martinez Defendants.

## IX.    Discussion – Civil Conspiracy Claims

All Plaintiffs have alleged civil conspiracy claims against the "Martinez Defendants."  As referred to in the collective as the "Martinez Defendants," these civil conspiracy claims are the only claims in this case that can be identified to have been alleged against Defendants Sterling Management, Inc.; A.R. Martinez Family Limited Partnership; Discos Freddie S.A. de C.V.; John Martinez, LLC; Purple Sky Enterprises, LLC; John Edward Martinez as custodian for minors Elizabeth Martinez, Lauren Martinez and Madeline Martinez; Martinez Land and Buffalo Company, LLC; ELM Land and Buffalo Company, LLC; and M. Music and Entertainment Group, LLC.

The elements of a civil conspiracy claim include: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result."  *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005); *see also Conceal City, LLC v. Looper Law Enforcement, LLC,* No. 3:10-CV-2506-D, 2013 WL 81485 (N.D. Tex. Jan. 8, 2013).  Civil conspiracy is a "derivative tort," meaning that "a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996).  Because conspiracy itself requires intent, the underlying tort for conspiracy must be an intentional tort.  *Firestone Steel Prods. v. Barajas*, 927 S.W.2d 608, 617 (Tex. 1996).

The Martinez Defendants first argue that Plaintiffs' conspiracy claims are subject to dismissal because Plaintiffs have not alleged an underlying intentional tort.  In response to the Motion to

Dismiss, Plaintiffs admits that a civil conspiracy claim requires an underlying intentional tort. Plaintiffs' Response (Document No. 171) at 39.  Then, Plaintiffs state that their conspiracy claim is based on "Defendants copyright infringement, negligence and negligent misrepresentation."  *Id.*

Copyright infringement is not an intentional underlying tort for purposes of a civil conspiracy claim because there is no required element of intent. *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*, 807 F.2d 1110, 1113 (2d Cir. 1986) ("Under § 501(a) intent or knowledge is not an element of infringement."); *see also Feist*, 499 U.S. at 361 ("To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."); *but see Rhapsody Solutions, LLC v. Cryogenic Vessel Alternatives, Inc.*, No. H-12-1168, 2013 WL 820589 *4 (S.D. Tex. March 5, 2013) (for personal jurisdiction purposes and determining whether a defendant directed his activities at the forum state, copyright infringement can be considered an intentional tort).  In addition, negligence-based claims are not, under Texas law, intentional torts.  *See  Tri v. J.T.T.*, 162 S.W.3d 552, 557 (Tex. 2005) (noting that "[w]e have consistently held that there cannot be a civil conspiracy to be negligent" and explaining that conduct that is negligent, or even grossly negligent, does not amount to an intentional tort, which is needed for a civil conspiracy claim).  Because there is no underlying intentional tort alleged as a basis for Plaintiffs' conspiracy claim(s),[8] those conspiracy claims, as against all the Defendants, are subject to dismissal pursuant to Rule 12(b)(6).[9]

---

[8] To the extent Plaintiffs may argue, after-the-fact, that their conspiracy claims can be considered to be based on their fraud claims, because Plaintiffs' fraud-based claims are subject to dismissal under FED. R. CIV. P. 9(b), they cannot serve as the underlying intentional tort supporting Plaintiffs' civil conspiracy claims

[9] Additionally, a claim of conspiracy based on an underlying act of copyright infringement would be pre-empted by the Copyright Act.  In *Conceal City, LLC v. Looper Law Enforcement, LLC*, ___

X.        **Discussion – Breach of Fiduciary Duty Claims**

Nine of the eleven Plaintiffs have also alleged breach of fiduciary duty claims against

Defendants Freddie Records, Inc., Freddie Martinez, Sr., Brothers Trei, Ltd., Martzcom Music, LLC,

Marfre, LLC and SCMP. LLC.  Such claims are based on the following, nearly identical,  allegations

by Plaintiffs: that they have "a fiduciary relationship with Freddie Records, Inc. stemming from the

principal/agency and/or partnership relationship which began when [they] entrusted [their] Works

to Freddie Records. Inc." and/or that they have "a fiduciary relationship with Freddie Martinez, Sr.

d/b/a Marfre Music Publishing stemming from the contractual relationship between the two parties"

and/or that they have "a fiduciary relationship with Freddie Records, Inc. stemming from a

partnership . . . based on the mutual understanding that [Plaintiffs' Works] are of great value . . . and

could be profitable. . . ".   Plaintiffs' Fifth Amended Complaint at 45 (Guajardo); 68 (Hugo Cesar

Guerrero); 108-109 (Arnold Martinez); 128 (Ysidro Ortiz, Jr.); 150 (Letty/Jesse Salcedo); 166

(Arturo Rene Serrata); 188 (Ruben Ramos); 206 (Johnny Isquierdo and Adolfo DeLeon); 223-224

(Jose Guzman).

"The elements of a breach-of-fiduciary-duty claim are: (1) a fiduciary relationship existed

between the plaintiff and defendant; (2) the defendant breached its fiduciary duty to the plaintiff; and

(3) the defendant's breach resulted in injury to the plaintiff or benefit to the defendant." *Anderton*

*v. Cawley*, 378 S.W.3d 38, 51 (Tex.App.–Dallas 2012).  Some formal relationships are fiduciary in

---

F.Supp.2d ___, 2013 WL 81485  at *3-*4 (N.D. Tex. 2013), the Northern District of Texas recently
concluded in a patent case that claims of civil conspiracy to infringe a patent are pre-empted by
federal patent law.  That same pre-emption analysis is equally applicable in this copyright case.  *See*
*e.g., Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 823 F.Supp.2d 578, 588 (S.D. Tex. 2011) (finding
civil conspiracy claim based on underlying copyright infringement to be preempted by federal
copyright law).

nature as a matter of law, "such as that between an attorney and a client or between a trustee and the trust's beneficiaries." *Daniels v. Empty Eye, Inc.,* 368 S.W.3d 743, 749 (Tex. App.–Houston [14th Dist.] 2012). In addition, some informal relationships may give rise to a "fiduciary relationship" if "one person trusts in and relies upon another." *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 594 (Tex. 1992) (quoting *Fitz-Gerald v. Hull*, 150 Tex. 39, 237 S.W.2d 256, 261 (1951)), *superseded by statute on other grounds, as noted in Subaru of America, Inc. v. David McDavid Nissan, Inc.* 84 S.W.3d 323, 225-26 (Tex. 2002). But it is not mere trust and reliance that is needed to create an informal fiduciary relationship. Instead, the trust and reliance must be of a "high degree," *Meyer v, Cathey*, 167 S.W.3d 327, 330-331 (Tex. 2005), and the trust alleged must be more than subjective. *Schlumberger Technology Corp. v. Swanson*, 959 S.W.2d 171, 176-77 (Tex. 1997). As further explained by the Texas Supreme Court in *Crim*,

> The fact that one businessman trusts another, and relies upon his promise to perform a contract, does not give rise to a confidential relationship. Every contract includes an element of confidence and trust that each party will faithfully perform his obligation under the contract. Neither is the fact that the relationship has been a cordial one, of long duration, evidence of a confidential relationship.

*Crim*, 823 S.W.2d at 594-95 (internal citations omitted). "If a business transaction is involved, 'the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit.'" *Daniels*, 368 S.W.3d at 750 (quoting *Associated Indemnity Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 288 (Tex. 1998)).

Here, there are substantial allegations that Plaintiffs trusted and relied on Freddie Records, Inc. and Freddie Martinez., Sr. In addition, it is clear from Plaintiffs' allegations that they believed, and were led to believe, that they would be treated fairly. What is missing, however, are *factual* allegations that would support an informal fiduciary relationship based on a "high degree" of trust,

confidence and/or reliance.  Instead, Plaintiffs' allegations of trust and reliance are subjective and unsupported by any facts demonstrating the existence of a "special relationship" between them and either Freddie Records, Inc. or Freddie Martinez, Sr. *before* they entered into any alleged principal/agency, partnership, or contractual relationship with Freddie Records, Inc. and/or Freddie Martinez, Sr.  Plaintiffs' allegations, when the conclusory allegations of principal/agent, partnership, trust, confidence and reliance are disregarded, as is required under *Twombly* and *Iqbal*, do not state a plausible basis for the existence of a fiduciary relationship.  *See e.g., Estate of Brown v. Arc Music Group*, 830 F.Supp.2d 501, 507-08 (N.D. Ill. 2011) (dismissing, for failure to state a claim, breach of fiduciary claim by estate of deceased musician against record company), *aff'd*, ___ Fed. Appx. ___, 2013 WL 1277064 (7th Cir. 2013).  As such, Plaintiffs have not stated a plausible claim for breach of fiduciary duty, and those claims are subject to dismissal under Rule 12(b)(6).

## XI.    Discussion – Misappropriation of Name/Image/Likeness Claims

Three Plaintiffs, Gary Guajardo, Hugo Cesar Guerrero, and Ruben Ramos, have alleged claims of misappropriation of name, image and likeness against Defendants Freddie Records Inc., Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP. LLC.

"Misappropriation becomes actionable when the name, image or likeness is utilized for a commercial purpose."  *Price v. New Light Church World Outreach and Worship Centers, Inc.*, No. 4:10-cv-2540, 2011 WL 5082432 (S.D. Tex. Oct. 25, 2011).  To state a claim for misappropriation of name, image or likeness, a plaintiff must allege: "(i) that the defendant appropriated the plaintiff's name or likeness for the value associated with it, and not in an incidental manner or for a newsworthy purpose; (ii) that the plaintiff can be identified from the publication; and (iii) that there

was some advantage or benefit to the defendant." *Matthews v. Wozencraft* 15 F.3d 432, 437 (5th Cir. 1994).  In addition, based on the prior determination that "the Martinez Defendants are entitled to know how each defendant is alleged to have misappropriated each Plaintiff's name, image or likeness," Plaintiffs were "to provide the Martinez Defendants with a More Definite Statement of their claims for . . . misappropriation of name, image and likeness [by] setting forth in such More Definite Statement the acts and/or conduct attributable to each defendant." (Document No. 130) at 11, 19.

Plaintiff Gary Guajardo's misappropriation claim is based on his allegation that Freddie Records, Inc. used his name and image without permission or authorization on the album cover "*Pleasure de Gary Guajardo: The Encore Collection.*" Plaintiffs' Fifth Amended Complaint (Document No. 154) at 48.  Plaintiff Hugo Cesar Guerrero's misappropriation claim is based on his allegation that Freddie Records, Inc. used his name and photographs without permission or authorization on the albums "*Fandango USA . . . A Musical History*," "*20 Super Exitos*," "*Fandango USA 10th Anniversary*," and "*Siempre Contigo*." *Id.* at 70.  Plaintiff Ruben Ramos alleges that Freddie Records, Inc. used his name and photograph without permission or authorization on the album "*Legendary Hits: The Encore Collection.*"  *Id.* at 189.  These allegations, coupled with the additional allegations by each of these Plaintiffs that their names and images are recognizable and were used by Freddie Records, Inc. for its business and/or commercial advantage, state a claim against Freddie Records, Inc. for misappropriation of name, image or likeness.  Neither these allegations nor any of the other factual allegations in Plaintiffs' Fifth Amended Complaint state a claim for misappropriation of name, image or likeness as against Brothers Trei, Ltd, Martzcom Music, LLC, Marfre, LLC or SCMP, LLC.

While Gary Guajardo, Hugo Cesar Guerrero, and Ruben Ramos have alleged a plausible claim of misappropriation against Freddie Records, Inc., the misappropriation claims of Gary Guajardo and Ruben Ramos are, based on each Plaintiffs' allegations, barred by limitations.  A claim of misappropriation of name, image and likeness has a two  year statute of limitations.  TEX. CIV. PRAC. & REM. CODE § 16.003.  Unlike claims of copyright infringement, there is no case law that would extend this limitation period based any successive act of misappropriation.  Thus, Plaintiffs' misappropriation claims accrued when Plaintiffs first knew of the alleged misappropriation.

Plaintiff Gary Guajardo alleges that "in or around 2006 [he] learned that Freddie Records, Inc. released a compilation album containing his Works, titled '*Pleasure de Gary Guajardo: The Encore Collection*,' without a proper license and without permission or authority from Gary Guajardo."  Plaintiffs' Fifth Amended Complaint (Document No. 154) at 28.  Although Guajardo now argues, in response to that part of the Martinez Defendants' Motions to Dismiss that seeks dismissal of his misappropriation claims based on limitations, that he did not "know" the album contained his name or image, that argument is faulty.  If Guajardo knew about the album, he either knew or should have known that the album cover contained his name and image.  As such, Guajardo's misappropriation claim, which was filed more than two years after he either knew, or should have known, of the facts supporting the misappropriation claim, is time-barred and subject to dismissal.

Similarly, Ruben Ramos' misappropriation claim is barred by limitations.  Ruben Ramos alleges that "[i]n or around 2006, Freddie Records, Inc. manufactured, produced, and distributed an album titled "Legendary Hits: The Encore Collection."  Plaintiffs' Fifth Amended Complaint (Document No. 154) at 189.  In addition, Ruben Ramos has attached copies of the album cover and

back, which reflect that the album was publicly released in 2004.  Plaintiffs' Exhibit 22 to Plaintiffs'

Fifth Amended Complaint (Document No. 154).   Ruben Ramos' allegations, coupled with the

exhibit copy of the album cover, show that Ruben Ramos knew or should have known in 2006 (at

the latest) that Freddie Records, Inc. released an album containing his name and image.   His

misappropriation claim, first asserted in this case on November 2, 2012, with Plaintiffs' Fifth

Amended Complaint, is time-barred and subject to dismissal.

With respect to the misappropriation claims of Hugo Cesar Guerrero, because it cannot

conclusively be ascertained from his allegations or the copies of the album covers and backs that

have been filed as exhibits to Plaintiffs' Fifth Amended Complaint, when each of the albums

containing his name and image were publicly released, his misappropriation claims cannot be

dismissed at this stage on the basis of limitations.   Thus, Hugo Cesar Guerrero's misappropriation

claims, as against Freddie Records, Inc., are not subject to dismissal.


## XII.   Conclusion and Recommendation

Based on a careful review of Plaintiffs' Fifth Amended Complaint and the foregoing analysis

pursuant to Fed. R. Civ. P. 12(b)(6), 12(e), and 9(b),  the Magistrate Judge

RECOMMENDS that the Martinez Defendants' Motion to Dismiss Plaintiffs' Fifth

Amended Complaint Pursuant to FRCP 12(b)(6) (Document No. 163) and Lisa Nichols, Trustee's

Motion to Dismiss Plaintiffs' Fifth Amended Complaint Pursuant to FRCP 12(b)(6) (Document No.

166) both be GRANTED in PART and DENIED in PART, and that

1.    the copyright infringement claims by all Plaintiffs against Defendants JoAnn
      Martinez, Lee Martinez, Jr., Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC
      and SCMP, LLC be dismissed pursuant to Rules 12(b)(6) and/or 12(e);

2.    the claim by Plaintiff Arnold Martinez for tampering with copyright management information against Defendants Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC and SCMP, LLC be dismissed;

3.    all the fraud-based claims of Plaintiffs Gary Guajardo, Hugo Cesar Guerrero, Arnold Martinez, Ysidro Ortiz, Jr., Letty/Jesse Salcedo, Arturo Rene Serrata, Ruben Ramos, Johnny Isquierdo and Adolfo DeLeon, and Jose Guzman be dismissed pursuant to Fed. R. Civ. P. 9(b), and that amendment not be allowed;

4.    the breach of contract claims by Gary Guajardo and Arnold Martinez (Individually and on behalf of the Estates of Gilbert Martinez, Jr., Katy Martinez, and the Gilbert Martinez Heirs) against Freddie Records, Inc., Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC, and SCMP, LLC, and the breach of contract claims by Hugo Cesar Guerrero, Ysidro Ortiz, Jr. and Jose Guzman against Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC, and SCMP, LLC be dismissed;

5.    all negligence claims of Plaintiffs Gary Guajardo, Hugo Cesar Guerrero, Arnold Martinez, Ysidro Ortiz, Jr., Letty/Jesse Salcedo, Arturo Rene Serrata, Ruben Ramos, Johnny Isquierdo and Adolfo DeLeon, and Jose Guzman be dismissed pursuant to Rule 12(b)(6);

6.    all conspiracy claims of all Plaintiffs against all Defendants be dismissed pursuant to Rule 12(b)(6);

7.    all breach of fiduciary duty claims by Plaintiffs Gary Guajardo, Hugo Cesar Guerrero, Arnold Martinez, Ysidro Ortiz, Jr., Letty/Jesse Salcedo, Arturo Rene Serrata, Ruben Ramos, Johnny Isquierdo and Adolfo DeLeon, and Jose Guzman be dismissed;

8.    the misappropriation of name, image and likeness claims by Plaintiffs Gary Guajardo and Ruben Ramos against Freddie Records, Inc., Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC, and SCMP; and the misappropriation of name, image and likeness claim by Hugo Cesar Guerrero against Brothers Trei, Ltd., Martzcom Music, LLC, Marfre, LLC, and SCMP  be dismissed; and

9.    all claims, either specifically stated or intended (other than the stayed fraudulent transfer claims), as against Defendants Sterling Management, Inc.; A.R. Martinez Family Limited Partnership; Discos Freddie S.A. de C.V.; John Martinez, LLC; Purple Sky Enterprises, LLC; John Edward Martinez as custodian for minors Elizabeth Martinez, Lauren Martinez and Madeline Martinez; Martinez Land and Buffalo Company, LLC; ELM Land and Buffalo Company, LLC; and M. Music and Entertainment Group, LLC, be dismissed.

This would leave: (1) each Plaintiff's copyright infringement claims against Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez and Marc Martinez; (2) claims for tampering with copyright management information by Arnold Martinez, Letty/Jesse Salcedo and Jose Guzman against Freddie Records, Inc.; (3) breach of contract claims by Gary Guajardo, Arnold Martinez and Jose Guzman against Freddie Martinez, Sr., and breach of contract claims by Hugo Cesar Guerrero and Ysidro Ortiz, Jr. against Freddie Records, Inc.; and (4) a claim of misappropriation of name, image or likeness by Hugo Cesar Guerrero against Freddie Records, Inc.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this _9th___ day of April, 2013.


Frances H. Stacy
United States Magistrate Judge