IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY GUAJARDO, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-10-2024 |
| | § | MEMBER CIVIL ACTION NOS. |
| FREDDIE RECORDS, INC., et al., | § | H-10-2995 and H-11-1774 |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

Pending in this case that has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) is Defendants Freddie Martinez, Sr. d/b/a/ Marfre Music Publishing Company, Freddie Martinez, Jr., John Martinez, and Marc Martinez' Emergency Motion to Dismiss Case (Document No. 249), in which Defendants argue that Plaintiffs, who have assigned their copyright interests to their attorney in this case, David W. Showalter, do not have standing to pursue the copyright and copyright-related claims that remain in this case. Having considered the motion and supporting documentation, including, specifically, the Assignments, Powers of Attorney, and Special Powers of Attorney, Plaintiffs' Response (Document No. 264), Defendants' Reply (Document No. 284), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion to Dismiss be GRANTED in part.

## I.      Procedural History

This case was commenced by one Plaintiff, Gary Guajardo, on June 8, 2010.  Additional Plaintiffs and Defendants were later joined, culminating in the filing by thirteen Plaintiffs of their Fifth Amended Complaint.  Upon Defendants' Rule 12(b)(6) Motions to Dismiss, many claims and Defendants were dismissed, resulting in only the following remaining claims and parties: (1) each Plaintiff's copyright infringement claims against Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez and Marc Martinez; (2) claims for tampering with copyright management information by Arnold Martinez, Letty/Jesse Salcedo and Jose Guzman against Freddie Records, Inc.; (3) breach of contract claims by Gary Guajardo, Arnold Martinez and Jose Guzman against Freddie Martinez, Sr., and breach of contract claims by Hugo Cesar Guerrero and Ysidro Ortiz, Jr. against Freddie Records, Inc.; and (4) a claim of misappropriation of name, image or likeness by Hugo Cesar Guerrero against Freddie Records, Inc.  (Document Nos. 185 & 191). Thereafter, summary judgment was granted on Hugo Cesar Guerrero's claim for misappropriation of name, likeness or image.  (Document Nos. 204 & 206).   Thus, as of this date, all that remains are Plaintiffs' copyright and copyright-related claims against Defendants Freddie Records, Inc., Freddie Martinez, Sr., Freddie Martinez, Jr., John Martinez and Marc Martinez

In their current Motion to Dismiss, Defendants maintain that all the claims remaining in this case should be dismissed because Plaintiffs: (1)  have failed to join an indispensable party, and (2) Plaintiffs lack standing to bring and pursue the claims that remain in this case.  Plaintiffs, in response, argue that their attorney, David W. Showalter ("Showalter") "does not claim to be the exclusive owner of the Plaintiffs' interests in the copyrights at issue" and that any "theoretical" rights he  may have obtained through the assignments and powers of attorneys do not require his joinder

as a party in this case. Both sides' positions require the undersigned to determine, from the assignments and powers of attorney Defendants have submitted, the contents of which Plaintiffs do not dispute: (1) who owns the copyright claims asserted in this case; and (2) who has the right to bring and/or assert the copyright claims at issue in this case.

## II.  Discussion – Standing

Under the Copyright Act, "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). Plaintiffs, who are the alleged authors of the Works at issue in this case, have a right under § 501(b) to sue for copyright infringement as either a legal or beneficial owner of their copyrighted Works. However, as set forth more fully below, many of the Plaintiffs abrogated that right through their assignment to Showalter of: (1) a fifty-percent or more interest in their copyrights; (2) the exclusive, irrevocable right to enforce any rights in the copyrighted works. The Copyright Act provides as follows with respect to the transfer of rights in a copyright:

> (1) The ownership of a copyright may be transferred in whole or in part by any means of conveyance or by operation of law, and may be bequeathed by will or pass as personal property by the applicable laws of intestate succession.
>
> (2) Any of the exclusive rights comprised in a copyright, including any subdivision of any of the rights specified by section 106, may be transferred as provided by clause (1) and owned separately. The owner of any particular exclusive right is entitled, to the extent of that right, to all of the protection and remedies accorded to the copyright owner by this title.

17 U.S.C. § 201(d).

From Defendants' submissions, Plaintiffs fall into three categories: (1) those who assigned

3

their entire interest in their works at issue in this case to Showalter (Adan Sanchez); (2) those who assigned Showalter an undivided 50 percent interest in their Works at issue in this case, and who also assigned Showalter the exclusive and irrevocable right to enforce any and all rights in the Works at issue in this case (Hugo Cesar Guerrero, Ysidro Ortiz, Jr., Jesse/Letty Salcedo, Arturo Rene Serrata, Ruben Guanajuato, Johnny Isquierdo, and Gary Guajardo); and (3) those who assigned Showalter a fifty percent (or one-half) interest in their causes of action in this case and their Works at issue in this case (Arnold Martinez, Individually and on behalf of the Estates of Gilbert Martinez, Jr., Deceased, and Enriqueta "Katy" Martinez, Deceased, and the Gilbert Martinez Heirs, Ruben Ramos, Adolfo De Leon, and Jose Guzman). As discussed more detail below, by reference to the assignment and power of attorney documents Defendants have submitted, the first two categories of Plaintiffs lack standing to assert and pursue the claims at issue herein. As for the third the category of Plaintiffs, it cannot be said on this record that they lack standing.

## A.    Adan Sanchez

Adan Sanchez, who alleges in this case that Defendants infringed on his copyright in *La Prieta Casada*, has no standing to assert such a claim. That is because Adan Sanchez transferred and assigned *all* of his rights in the Works and alleged copyrights at issue in this case to Showalter on August 1, 2011. The August 1, 2011, Notice of Transfer (Document No. 249-3 at 5), which reflects the assignment, provides as follows:

> . . . the undersigned [Adan Sanchez] hereby gives notice that any and all rights in the following musical compositions and any and all copyrights in same as evidenced by attached document have been transferred to Adan G. Sanchez who does hereby assign his interests to his attorney-in-fact, David W. Showalter, 1117 FM 359 Suite 300, Richmond, Texas 77406.

As there is no limit on the terms of this assignment, and as Adan Sanchez has come forth with no

argument or evidence that would call into question the plain and ordinary meaning of the language contained in the Notice of Transfer, Adan Sanchez has no interest and/or rights in the works at issue in this case.   He therefore lacks standing to pursue copyright infringement claims against Defendants.[1]

### B.     Hugo Cesar Guerrero,  Ysidro Ortiz, Jr.,  Jesse/Letty Salcedo, Arturo Rene Serrata, Ruben Guanajuato, Johnny Isquierdo, and Gary Guajardo

Six Plaintiffs, Hugo Cesar Guerrero,  Ysidro Ortiz, Jr.,  Jesse/Letty Salcedo, Arturo Rene Serrata, Ruben Guanajuato, and Johnny Isquierdo, executed nearly identical documents with Showalter, which affected their rights and interests in the Works at issue in this case: (1) an "Assignment and Power of Attorney"; and (2) a separate "Special Power of Attorney."  The Assignment and Power of Attorney provided, in relevant part:

> In consideration of the services rendered and to be rendered, by our attorneys in the prosecution of our said claim for damages, we here and now set over and assign to our attorneys a one-half undivided interest in our said cause of action and said interest in our Works including copyrights and renewals thereof and any claims and causes of action in the Works as well as any and all property, money and the gross value of any benefit or consideration of any nature that is recovered in respect of the Works as well as royalties, BMI payments or revenue from any source.

See Document No. 249-3 at 34 (Hugo Cesar Guerrero); Document No. 249-3 at 27 (Ysidro Ortiz, Jr.); Document No. 249-3 at 11-12 (Jesse/Letty Salcedo); Document No. 249-3 at 16 (Arturo Rene Serrata); Document No. 249-3 at 30-31 (Ruben Guanajuato); Document No. 249-3 at 38 (Johnny Isquierdo).  The Special Power of Attorney, a separate document, then provided that Showalter

---

[1] It must be also noted that Adan Sanchez has a separate copyright infringement case pending in this District against Hacienda Records and Recording Studio.   In a recent Memorandum and Opinion, United States District Judge Lee Rosenthal determined that Sanchez' claims of copyright infringement related to *La Prieta Casada* were time-barred. *See* Document No. 104 in *Adan Sanchez v. Hacienda Records and Recording Studio, Inc., et al*, Civil Action No. H-11-3855 (August 26, 2014).

would act as Plaintiffs' agent and attorney-in-fact in pursuing the claims at issue herein. It also provided, however, for an *irrevocable* assignment to Showalter of the "exclusive right to enforce any legal rights in respect of the Works and administer any and all rights and revenue received or recovered as a result of the Works, whether as the result of litigation or otherwise. . . includ[ing] the exclusive right to negotiate, issue licenses, collect revenue and enforce rights in respect of the Works." *See* Document No. 249-3 at 35-36 (Hugo Cesar Guerrero); Document No. 249-3 at 28 (Ysidro Ortiz, Jr.); Document No. 249-3 at 13-14 (Jesse/Letty Salcedo); Document No. 249-3 at 17-18 (Arturo Rene Serrata); Document No. 249-3 at 32-33 (Ruben Guanajuato); Document No. 349-3 at 39-40 (Johnny Isquierdo).

It is the assignment to Showalter of an undivided one-half interest in the Works at issue, *coupled with* the assignment to Showalter of an irrevocable, and exclusive right to enforce the rights in the Works at issue that affects the standing of Plaintiffs and makes Showalter an indispensable party to this case. That is because Showalter obtained, by assignment, both an interest in the works *for himself,* and an exclusive an irrevocable right to enforce, *for both himself and for Plaintiffs,* any and all rights related to the Works at issue. It may be that Showalter is pursuing claims for Plaintiffs as their attorney, but Showalter is also ostensibly pursuing claims *of his own.* And, under the terms of the Special Power of Attorney it is *only* Showalter who can bring such claims on behalf of Plaintiffs Hugo Cesar Guerrero, Ysidro Ortiz, Jr., Jesse/Letty Salcedo, Arturo Rene Serrata, and Johnny Isquierdo, and/or on behalf of himself. Showalter is, as argued by Defendants, an indispensable party to the claims of Plaintiffs.[2]

---

[2] FED. R. CIV. P. 19(a) sets forth guidelines for determining whether a party is "indispensable":
(A) in that person's absence , the court cannot accord complete relief among

While Plaintiffs argue, in reliance on *In re Isbell*, 586 F.3d 334 (5th Cir. 2009), that the assignments at issue have no effect on Plaintiffs' standing or the need for Showalter as an indispensable party, *Isbell* does not compel such a conclusion in this case. At issue in *Isbell* was a short form assignment of a partial interest in certain musical compositions. The assignment in *Isbell* provided:

> In consideration of the sum of One Dollar ($1.00) and other good, valuable, and adequate consideration, the receipt and sufficiency of which is acknowledged, the undersigned does hereby sell, assign, transfer, and set over to Bridgeport Music, Inc., its respective successors and assigns, fifty percent (50%) of his interest now owned or subsequently procured in the universe-wide copyright in and to the following musical composition(s) set forth in Exhibit A attached hereto, and all of the universe-wide right, title, and interest of the undersigned, vested or contingent, therein and thereto, including all claims for infringement of the copyrights whether now or hereafter existing, for the maximum terms of copyright, including any extensions and/or renewals thereto, throughout the universe.

*Isbell*, 586 F.3d at 336. The district court concluded that under the terms of the assignment, the assignor could no longer pursue copyright claims. The Fifth Circuit disagreed, analyzing the language and effect of the assignment agreement as follows:

> This court must determine, then, whether the Assignment transferred to Bridgeport all of Alvert Music's right to pursue copyright infringement claims related to the musical compositions. The Assignment contains two essential clauses. The

---

existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
   (i) as a practical matter impair or impede the person's ability to protect the interest; or
   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
Here, Showalter is an indispensable party within the meaning of Rule 19(a)(1)A) and (B) because, as set forth *supra*, it is only he who has the right to pursue the copyright and copyright-related claims raised herein related to the Works of Plaintiffs Plaintiffs Gary Guajardo, Hugo Cesar Guerrero, Ysidro Ortiz, Jr., Jesse/Letty Salcedo, Arturo Rene Serrata, and Johnny Isquierdo.

first states that Alvert Music assigned to Bridgeport "fifty percent (50%) of [its] interest now owned or subsequently procured in the universe-wide copyright in and to the ... musical composition." The second states that Alvert Music assigned to Bridgeport "all of the universe-wide right, title, and interest of the undersigned, vested or contingent, therein and thereto, including all claims for infringement of the copyrights whether now or hereafter existing, for the maximum terms of copyright." DM Music and the district court, focusing on the phrase "all claims for infringement of the copyrights," conclude that the plain language of the contract deprives Alvert Music of any right to pursue copyright infringement claims related to the musical compositions. This interpretation, however, ignores the language of the clause as a whole and renders the contract contradictory. If the second clause is read to mean that Alvert Music assigned all of its rights to pursue copyright infringement claims related to the compositions, then it would also necessarily mean that Alvert Music had assigned all of its interest in the compositions, given that the second clause also stated that Alvert Music assigned "all of [its] interest" in the compositions. This result would contradict the clear language of the first clause, which states that Alvert Music assigned only 50% of its interest in the musical compositions.

Viewing the contract as a whole and giving meaning to all its terms, we find that the Assignment did not deprive Alvert Music of its right to pursue the copyright infringement claims at issue in this case. The proper reading of the two clauses is that the second clause operates as a clarification of the 50% interest assigned in the first clause. Thus, the second clause clarifies that the 50% share is a full share, rather than an income, participation, royalty, or some other limited share in the copyright.

*Id.* at 337-338.

The nature of the assignments at issue in this case are similar to that at issue in *Isbell*: they assign to Showalter a fifty-percent interest in Plaintiffs' Works, and the right to pursue copyright infringement claims. But, that is where the similarity to *Isbell* ends. Here, there are two separate documents at issue – not one long clause (or sentence) in a short form assignment as was at issue in *Isbell*. In addition, unlike *Isbell*, the language in the Special Power of Attorney which assigned to Showalter the right to pursue copyright infringement claims was expansive and inclusive, using the words, "exclusive" and "any and all." The harmonization of the assignment provision at issue in *Isbell* simply cannot be done in this case.

8

In addition, the effect of the assignments at issue in this case cannot be defeated based on the seemingly inconsistent language in the Special Power of Attorney as to revocability. While the Special Power of Attorney provides that it is revocable ("This special power of attorney shall commence on the date subscribed below, to remain in full force and effect thereafter until such time as I revoke said rights, power and authority by written notice of revocation of this special power of attorney."), a separate paragraph in that same document gives Showalter the *irrevocable and exclusive* right to pursue the copyright claims of Plaintiffs Hugo Cesar Guerrero, Ysidro Ortiz, Jr., Jesse/Letty Salcedo, Arturo Rene Serrata, and Johnny Isquierdo. Because there is no evidence in the record that any Plaintiff has revoked or attempted to revoke any part of the Special Power of Attorney, Showalter gained and retains to this day, through the Special Power of Attorney document, the sole and exclusive right to pursue the copyright claims at issue in this case related to the Works of Plaintiffs Hugo Cesar Guerrero, Ysidro Ortiz, Jr., Jesse/Letty Salcedo, Arturo Rene Serrata, and Johnny Isquierdo.[3]

As for Gary Guajardo, while there is not a "Special Power of Attorney" in the record for him, the terms of his "Assignment and Power of Attorney" make Showalter just as much indispensable to his claims. Gary Guajardo signed an Assignment and Power of Attorney which provided as follows:

> In consideration of the services rendered and to be rendered to me by my attorneys in the prosecution of my said claim for damages, I here and now set over and assign to my said attorneys a fifty percent (50%) interest in my said rights in and to eighteen

---

[3] This is not a case, as was at issue in *Righthaven LLC v. Hoehn*, 716 F.3d 1166 (9th Cir. 2013) and *Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881 (9th Cir. 2005), where the *only* right that was assigned was the right to sue. Instead, the assignments at issue herein assigned and/or transferred to Showalter the right to sue, as well as the other exclusive rights provided for under 17 U.S.C. § 106, 114.

songs (per attached) and two albums entitled *Pleasure De Gary Guajardo* and *Mas Placer* and any and all causes of action arising from or related thereto. This percentage shall apply to money, the gross value of any and [all] benefits recovered, as well as property recovered (such as a recovery, release and return of masters and copyrights). The rights hereby assigned include the right to license and enforce, now and in the future any and all rights in the property described above, receive funds related thereto, notify third parties of this agreement and to execute documents and endorse my name to checks and other payments that may be received, all of which shall be accounted for and remitted to me per this agreement by my attorney and his assigns.

Document No. 249-3 at 10. While this assignment may seem, at first glance, more like that at issue in *Isbell*, the terms of this assignment have substantially the same effect as the Special Power of Attorney documents signed by Plaintiffs Hugo Cesar Guerrero, Ysidro Ortiz, Jr., Jesse/Letty Salcedo, Arturo Rene Serrata, and Johnny Isquierdo. In particular, the assignment gives Showalter a fifty percent interest in Gary Guajardo's "rights." The assignment then delineates what rights and interests that fifty percent interest applies to: "money, the gross value of any and [all] benefits recovered, as well as property recovered (such as a recovery, release and return of masters and copyrights)." The assignment then gives Showalter the "right to license and enforce, now and in the future any and all rights in" the "eighteen songs" identified in an attachment, and the "two albums entitled *Pleasure De Gary Guajardo* and *Mas Placer*." Showalter, through the Assignment and Power of Attorney signed by Gary Guajardo, obtained the right to license and enforce "any and all" rights in the Works related to Gary Guajardo.

Based on the documents submitted, including the Assignment and Power of Attorney signed by Plaintiff Gary Guajardo, and the Assignment and Power of Attorney and Special Power of Attorney signed by Plaintiffs Hugo Cesar Guerrero, Ysidro Ortiz, Jr., Jesse/Letty Salcedo, Arturo Rene Serrata, and Johnny Isquierdo, it is Showalter, in his own individual capacity, who has standing

to bring the copyright and copyright related claims in this case related the Works of Gary Guajardo, Hugo Cesar Guerrero, Ysidro Ortiz, Jr., Jesse/Letty Salcedo, Arturo Rene Serrata, and Johnny Isquierdo. In his absence, the claims of Plaintiffs Gary Guajardo, Hugo Cesar Guerrero, Ysidro Ortiz, Jr., Jesse/Letty Salcedo, Arturo Rene Serrata, and Johnny Isquierdo should be dismissed. FED. R. CIV. P. 12(b)(7), 19(b).[4]

### C.   Arnold Martinez, Individually and on behalf of the Estates of Gilbert Martinez, Jr., Deceased, and Enriqueta "Katy" Martinez, Deceased, and the Gilbert Martinez Heirs, Ruben Ramos, Adolfo De Leon, and Jose Guzman

Plaintiffs Arnold Martinez, Individually ("Arnold Martinez Individually") and on behalf of the Estates of Gilbert Martinez, Jr., Deceased, and Enriqueta "Katy" Martinez, Deceased, and the Gilbert Martinez Heirs ("Arnold Martinez on behalf of"), Ruben Ramos, Adolfo De Leon, and Jose Guzman each executed, in favor of Showalter, an Assignment and Power of Attorney, which

---

[4] Under FED. R. CIV. P. 19(b):
If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:
     (A) protective provisions in the judgment;
     (B) shaping the relief; or
     (c) other measures;
(3) whether a judgment rendered in the person's absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy of the action were dismissed for nonjoinder.
Here, as argued by Defendants, Showalter cannot be joined as a party at this late date due to the long-expired deadline for joining parties, as well as a "conflict of interest" that would arise if he were to be joined. Additionally, because it is Showalter, and Showalter alone, who has the right to bring the claims at issue in this case related to the Works of Plaintiffs Gary Guajardo, Hugo Cesar Guerrero, Ysidro Ortiz, Jr., Jesse/Letty Salcedo, Arturo Rene Serrata, and Johnny Isquierdo, there is no feasible way this case can proceed in his absence.

11

assigned to Showalter a fifty percent, or one-half undivided interest, in each of their causes of action and in each of their works at issue in this case. The Assignment and Power of Attorney generally provided as follows:

> In consideration of the services rendered and to be rendered, by our attorneys in the prosecution of our said claim for damages, we here and now set over and assign to our attorneys a one-half undivided interest in our said cause of action and said interest in our Works including copyrights and renewals thereof and any claims and causes of action in the Works as well as any and property, money and the gross value of any benefit or consideration of any nature that is recovered in respect of the Works as well as royalties, BMI payments or revenue from any source.

*See* Document No. 249-3 at 19-20 (Arnold Martinez Individually and Arnold Martinez on behalf of); Document No. 249-3 at 41 (Ruben Ramos); Document No. 249-3 at 42 (Adolfo De Leon); Document No. 249-3 at 37 (Jose Guzman). There was no assignment by these Plaintiffs of their right to enforce their rights in the Works at issue. As such, Showalter need not be a party to seek enforcement of the rights of Plaintiffs Arnold Martinez Individually, Arnold Martinez on behalf of, Ruben Ramos, Adolfo De Leon, and Jose Guzman, and can, in accord with the parties' agreements, bring suit on Plaintiffs' behalf. While this may not seem like much of a distinction, it is. Unlike the prior sets of Plaintiffs, Showalter was not assigned, for his own benefit, and in his own individual capacity, the exclusive right to pursue the claims at issue in this case. In addition, unlike the other sets of Plaintiffs, the Assignment and Power of Attorney for Plaintiffs Arnold Martinez Individually, Arnold Martinez on behalf of, Ruben Ramos, Adolfo De Leon, and Jose Guzman stated that Plaintiffs were only authorizing Showalter to act as their "attorneys to institute suit for the recovery of such damages and to prosecute the same to settlement of final judgment." To the extent Showalter is acting as attorney for Plaintiffs Arnold Martinez Individually, Arnold Martinez on behalf of, Ruben Ramos, Adolfo De Leon and Jose Guzman, and not on his own behalf, he is not

an indispensable party to the claims of Plaintiffs Arnold Martinez Individually, Arnold Martinez on behalf of, Ruben Ramos, Adolfo De Leon and Jose Guzman.  The Motion to Dismiss should therefore be denied as to the claims of Plaintiff Arnold Martinez Individually, Arnold Martinez on behalf of, Ruben Ramos, Adolfo De Leon, and Jose Guzman.

## IV.    Conclusion and Recommendation

Based on the foregoing, and the contents of each Plaintiff's Assignment and Power of Attorney and/or Special Power of Attorney, the undersigned concludes that all Plaintiffs, other than Arnold Martinez Individually, Arnold Martinez on behalf of, Ruben Ramos, Adolfo De Leon, and Jose Guzman, assigned and thereby abrogated their right to pursue the copyright and copyright-related claims that remain in this case.  As such, the Magistrate Judge

RECOMMENDS that Defendants' Motion to Dismiss (Document No. 249) be GRANTED in part, and that the copyright and copyright-related claims of Plaintiffs Adan Sanchez, Gary Guajardo, Hugo Cesar Guerrero, Ysidro Ortiz, Jr., Jesse/Letty Salcedo, Arturo Rene Serrata, and Johnny Isquierdo all be DISMISSED for lack of standing and/or for lack of an indispensable party. The Magistrate Judge further

RECOMMENDS that the Motions for Summary Judgment related to Plaintiffs Adan Sanchez, Gary Guajardo, Hugo Cesar Guerrero, Ysidro Ortiz, Jr., Jesse/Letty Salcedo, Arturo Rene Serrata, and Johnny Isquierdo (Document Nos. 208, 225, 226, 227, 239, 240, 246, 252, 253, 254 and 256) all be DENIED as MOOT.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file

13

written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal.  *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this ___/2th___ day of December, 2014.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE