IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARY GUAJARDO, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | CIVIL ACTION NO. H-10-2024 |
| § | MEMBER CIVIL ACTION NOS. |
| FREDDIE RECORDS, INC., et al., § | H-10-2995 and H-11-1774 |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION**

Pending in this case that has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) are Defendant Freddie Martinez, Sr. d/b/a Marfre Music Publishing Company's Motions for Summary Judgment on the breach of contract claims of Plaintiffs Jose Guzman and Arnold Martinez, on behalf of the estates of Gilbert Martinez, Jr. and Katy Martinez and the Gilbert Martinez Heirs (hereafter referred to as "Arnold Martinez on behalf of") (Document Nos. 213 & 260). Having considered the motions, the responses (Document Nos. 221, 229 and 276), the reply (Document No. 302), the summary judgment evidence, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motions for Summary for Summary Judgment be GRANTED.

In the Memorandum and Recommendation filed on April 9, 2013, the breach of contract claims asserted by Plaintiff "Arnold Martinez on behalf of" were described as follows:

> Arnold Martinez, on behalf of the estates of Gilbert Martinez, Jr. and Katy Martinez and the Gilbert Martinez Heirs, alleges that Gilbert Martinez, Jr, entered into an "Exclusive Composer's Contract" with Freddie Martinez, Sr. d/b/a Marfre Music Publishing, and that "Freddie Martinez, Sr. failed to abide by he terms of the October 12, 1982 Agreement, as he failed to remit to Gilbert Martinez, Jr. any royalties or payments." Plaintiffs' Fifth Amended Complaint (Document No. 154) at 94-95. He also alleges that a separate, undated contract, between Gilbert Martinez, Jr. and Freddie Martinez, Sr. d/b/a Marfre Music Publishing is not valid or enforceable; but,

to the extent the contract is valid and enforceable, Freddie Martinez, Sr. breached the contract by not paying the royalties due thereunder. *Id.* at 96. Arnold Martinez, Individually, alleges that he entered into a publishing contract with Marfre Music Publishing for "*No Temas Al Amor*" and that Freddie Martinez, Sr. d/b/a Marfre Music Publishing breached that agreement by failing to pay him "the monies agreed upon in the May 8, 2008, publishing contract." *Id.* at 97.

Plaintiff Jose Guzman's breach of contract claim, as alleged by him in Plaintiffs' Fifth Amended Complaint, is as follows:

> 973. On August 3, 1979, Freddie Martinez, Sr. induced Jose Guzman to enter into an Agreement that assigned exclusive rights to all songs Jose Guzman composed between August 3, 1979, and August 3, 1982, to Freddie Martinez, Sr.
>
> 974. Per the terms of the August 3, 1979, Agreement, Freddie Martinez, Sr. was to pay Jose Guzman 1¢ per album sold for each album containing any of his Works. This rate is overreaching, unfair, and fails to comport with industry standards, as the standard royalty rate at the time was 2.75¢ per album sold.
>
> 975. Although the royalty rate mandated by the August 3, 1979, Agreement is unfair and overreaching, Freddie Martinez, Sr. failed to pay Jose Guzman any royalties and is, thereby, in breach of contract.

Plaintiffs' Fifth Amended Complaint (Document No. 154) at 214.

Defendant Freddie Martinez, Sr. d/b/a Marfre Music Publishing Company, the only Defendant against whom these two breach of contract claims remain, argues in his Motions for Summary Judgment that the claims are barred by the applicable four year statue of limitations for breach of contract claims. According to Defendant and the summary judgment evidence he has submitted, Plaintiffs Jose Guzman and "Arnold Martinez on behalf of" knew, at least by 1992 and 1983, respectively, that they had not been compensated for the use of their Works in accord with their Agreements. With their breach of contract claims accruing at the time they knew they were not compensated for the use of their Works, the statute of limitations on their breach of contract claims expired four years later, in 1996 and 1987, respectively, well before Plaintiffs brought their breach

2

of contract claims in this case.

Plaintiffs Jose Guzman and Arnold Martinez on behalf of, in response to the statute of limitations Motions for Summary Judgment, argue that they don't know when, or how often their Works were used by Defendant and therefore there are fact issues that preclude summary judgment on their breach of contract claims.

## Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets its burden,[1] the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists that summary judgment should not be granted." *Id.*; *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548. Instead, "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380.

In considering a motion for summary judgment, all reasonable inferences to be drawn from

---

[1] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008).

3

both the evidence and undisputed facts are be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. *Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing *Matsushita*, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Id.* Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson*, 106 S. Ct. at 2513.

**Discussion**

For breach of contract claims arising under Texas law, as is the case herein, a four year statute of limitations applies, TEX. CIV. PRAC. & REM. CODE § 16.051, with the four year limitation period commencing on the date the cause of action accrues. A cause of action is said to accrue under Texas law when "facts come into existence that authorize a claimant to seek a judicial remedy." *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011).

Here, the Agreements that are alleged to have been breached were signed by Jose Guzman in 1979 (Document Nos. 213-1 and 213-2) and by Gilbert Martinez, Jr. in 1982 (Document No. 260-4). In addition, at their depositions, both Jose Guzman and Arnold Martinez testified that they knew, more than four years before they filed their breach of contract claims in this case, that their Works had been used without them receiving the compensation provided for in their contracts with Defendant. Jose Guzman testified that:

> Q:   A moment ago you said that that letter – that's when you found out about the album released by "Los Dos Herbertos"?
>
> A:   Yes, sir.

4

> Q: Okay. Then prior to that, you said you found out about this album three years ago in 2010?
>
> A: More or less.
>
> Q: So did you find out about it in 1992 or in 2010?
>
> A: In '92.
>
> Q: In '92?
>
> A: Yes, sir.
>
> Q: I want - I want to be clear. You found out in 1992?
>
> A: Yes, sir.
>
> Q: That this album had "Triste Aventurera," your song?
>
> A: Yes sir.

Jose Guzman Deposition (Document No. 213-3 at 4). Arnold Martinez similarly testified that:

> Q: Who performed – you said that Freddie Records used the song Debajo De Aquel Arbol, who performed that?
>
> A: Ramon Ayala.
>
> Q: Ramon Ayala. Okay.
>
> A: He kept getting higher and higher.
>
> Q: He kept getting higher and higher?
>
> A: Yes.
>
> Q: Was that the name of an album as well?
>
> A: Yeah.
>
> Q: And did your father know about Mi Golondrina, Gaviota, and Debajo De Aquel Arbol?
>
> A: I don't understand what you're saying.

5

Q: Was your father aware that Ramon Ayala used those songs?

A: Oh, yeah.

Q: Was he proud?

A: Very.

Q: Very proud?

A: Yes.

Q: And approximately when did those songs, albums come out?

A: I would say between '82 and '85.

Q: Okay. And so they were the song as well as the title of the album?

A: Yeah.

Arnold Martinez Deposition (Document No. 260-5 at 9).

Against this summary judgment evidence, Plaintiff Jose Guzman has submitted many irrelevant exhibits evidencing Defendants' transfers of assets (Document Nos. 221-1, 221-2, 221-3), Defendant's tax problems with the IRS (Document Nos. 221-4 and 221-5), deposition testimony about certain Defendants' roles in Freddie Records (Document Nos. 221-6), copies of document requests that were served on Defendants in this litigation (Document Nos. 229-1 through 229-8), and deposition testimony as to Defendants' efforts to locate responsive documents (Document Nos. 229-11, 229-12 and 229-13). In addition, Plaintiff Guzman has submitted his own Declaration (Document No. 229-9) in which he calls into question: (1) the validity of the contract, upon which he appears to be suing; and (2) whether certain works were covered by the contract upon which he appears to be suing. Finally, Guzman has submitted what appear to be "screen shots" from the internet, showing that products with his Works are still being offered for sale (Document No. 221-

6

10).

Arnold Martinez, in response to the Motion for Summary Judgment on the Breach of Contract Claims, has also submitted the same irrelevant documents evidencing Defendants' asset transfers (Document No. 276-1). In addition, Arnold Martinez has included his deposition testimony and his Declaration, in which he disputes that the signature on the 1982 contract is that of his father, Gilbert Martinez, Jr.

The summary judgment evidence submitted by Plaintiff Arnold Martinez and Jose Guzman does not raise a genuine issue of material fact on the limitations defense asserted by Defendant in his Motions for Summary Judgment on the breach of contract claims. In particular, there is no summary judgment evidence in the record of any conduct by Defendant, within four years of the breach of contract claims being asserted by Jose Guzman and "Arnold Martinez on behalf of," that could constitute a breach by Defendant of the 1979 and 1982 contracts at issue. In addition, the uncontroverted summary judgment evidence submitted by Defendant shows that Jose Guzman knew, in 1992, and Gilbert Martinez, Jr. knew in the 1980's, that their Works were being used, and they had not been paid for that use in accord with the terms of their Agreements. While the only semblance of evidence in the record that could be viewed as disputing Defendant's limitations defense are the pages printed from the internet showing albums with Jose Guzman's products for sale (Document No. 221-10), Plaintiff Jose Guzman has made no showing that it is *Defendant* who is responsible for those offerings which include his works, or that *Defendant* is, or has in the four years preceding the filing of his breach of contract claim, used his Works in contravention of the terms of the 1979 Agreement. Plaintiffs Guzman and "Arnold Martinez on behalf of" have not raised a genuine issue of material fact on Defendant's limitations defense, and therefore summary judgment is warranted

on the breach of contract claims.

## Conclusion and Recommendation

Based on the foregoing and the conclusion that the summary judgment evidence does not raise a genuine issue of material fact on Defendant's limitations defense, the Magistrate Judge

RECOMMENDS that Defendant Freddie Martinez, Sr. d/b/a Marfre Music Publishing Company's Motions for Summary Judgment on the breach of contract claims of Plaintiffs Jose Guzman and Plaintiffs Arnold Martinez, on behalf of the estates of Gilbert Martinez, Jr. and Katy Martinez and the Gilbert Martinez Heirs (hereafter referred to as "Arnold Martinez") (Document Nos. 213 & 260) be GRANTED, and those breach of contract claims be dismissed as time-barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 12th day of December, 2014.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE