IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY GUAJARDO, et al., | § | |
| Plaintiffs, | § § § | |
| V. | § | CIVIL ACTION NO. H-10-2024 |
| | § | MEMBER CIVIL ACTION NOS. |
| FREDDIE RECORDS, INC., et al., | § | H-10-2995 and H-11-1774 |
| Defendants. | § § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case that has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) is Defendants Freddie Records, Inc. and Freddie Martinez, Sr. d/b/a/ Marfre Music Publishing Company's Motion for Partial Summary Judgment on Claims of Plaintiffs Arnold Martinez [Individually], Jesse Salcedo and Jose Guzman under the Digital Millennium Copyright Act (Document No. 258). Having considered the motion, the response, reply, the summary judgment evidence, the applicable law, and the separate Memorandum and Recommendation granting in part Defendants' Motion to Dismiss,[1] the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion for Summary Judgment (Document No. 258) be GRANTED and that summary judgment be GRANTED in Defendants' favor on the claims of Plaintiffs Arnold Martinez Individually and Jose Guzman for tampering with copyright management information under the Digital Millennium Copyright Act.

Plaintiff Arnold Martinez' claim under the Digital Millennium Act is based on his allegations

---

[1] In that Memorandum and Recommendation, it is recommended that Plaintiff Jesse/Letty Salcedo's copyright and copyright-related claims be dismissed for lack or standing and/or for failure to join an indispensable party.

that Freddie Records, Inc. and Freddie Martinez, Sr. d/b/a Marfre Music Publishing Company falsely identified "Gilbert Martinez, Jr. as the author of '*No Temas Al Amor*'" and that Freddie Records, Inc. "falsely represented that Marfre Music Publishing had a publishing 'Contract Agreement' with Gilbert Martinez, Jr. that included '*No Temas Al Amor*.'" *See* Plaintiffs' Fifth Amended Complaint (Document No. 154) at 89. Plaintiff Jose Guzman's claim is based on his allegations that Freddie Records, Inc. renamed "'*Triste Aventurera*' on the Los Dos Gilbertos album" and falsely identified "Reynaldo Pena Ortiz as the songwriter." *Id.* at 211. Defendants seek summary judgment on these claims on the basis that there is no evidence of any intentional or knowing conduct that would give rise to liability under the Digital Millennium Copyright Act. Defendants also seek summary judgment on their limitations defense to those claims.

**Summary Judgment Standard**

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets its burden,[2] the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists that summary judgment should not be granted." *Id.*; *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may

---

[2] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008).

2

not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548. Instead, "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380.

In considering a motion for summary judgment, all reasonable inferences to be drawn from both the evidence and undisputed facts are be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. *Kelley v. Price- Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing *Matsushita*, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Id.* Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson*, 106 S. Ct. at 2513.

**Discussion**

17 U.S.C. § 1202, part of the Digital Millennium Copyright Act, provides as follows with respect to copyright management information:

> **(a) False copyright management information.** – No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement –
>
> (1) provide copyright management information that is false, or
>
> (2) distribute or import for distribution copyright management information that is false.
>
> **(b) Removal or alteration of copyright management information.** – No person shall, without authority of the copyright owner or the law –
>
> (1) intentionally remove or alter any copyright management information,

3

> (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or

> (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,

knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

"Copyright management information," is defined as:

> any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work:

> (1) The title and other information identifying the work, including the information set forth on a notice of copyright.

> (2) The name of, and other identifying information about, the author of a work.

> (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright.

> (4) With the exception of public performances of works by radio and television broadcast stations, the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work.

> (5) With the exception of public performances of works by radio and television broadcast stations, in the case of an audiovisual work, the name of, and other identifying information about, a writer, performer, or director who is credited in the audiovisual work.

> (6) Terms and conditions for use of the work.

> (7) Identifying numbers or symbols referring to such information or links to such information.

> (8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work.

17 U.S.C. § 1202(c).

To prevail on a claim under 17 U.S.C. § 1202(a) or (b), there must be evidence of knowing or intentional conduct. *Gordon v. Nextel Communications and Mullen Advertising, Inc.*, 345 F.3d 922, 927 (6th Cir. 2003). In other words, it is not enough to show that a mistake was made about copyright information; instead there must be evidence that the inaccuracies in the copyright information were intentional and were meant to "induce, enable, facilitate or conceal infringement." *Ward v. National Geographic Society*, 208 F.Supp.2d 429, 449 (S.D.N.Y. 2002).

Here, Defendants maintain that there is no summary judgment evidence of any knowing or intentional conduct that would subject them to liability under § 1202(a) or (b). In addition, Defendants argue that any claim under § 1202 based on the false identification of Gilbert Martinez, Jr. as the author of *"No Temas Al Amor"* and any claim under § 1202 based on the renaming of '*Triste Aventurera*' on the Los Dos Gilbertos album" and falsely identifying Reynaldo Pena Ortiz as the songwriter, would be time-barred given the applicable three year limitations period under § 1202, and Plaintiffs' discovery of the inaccurate copyright information in 1985 (Albert Martinez) and in 1992 (Jose Guzman). Plaintiffs, in response to the Motion for Summary Judgment, first seek to expand their claim under § 1202 to include Defendants' failure to identify Enriqueta "Katy" Martinez as a composer of many of the musical compositions attributed to her husband, Gilbert Martinez, Jr. Defendants then argue that there "is ample evidence in the record showing that Defendants knew the information included on their products was incorrect or inaccurate, but chose to place it in the stream of commerce anyway." Response (Document No. 280) at 10.

A review of the summary judgment evidence submitted by Plaintiffs Arnold Martinez and Jose Guzman reveals no evidence that could raise a genuine issue of material fact on the required

5

element of intent under § 1202. Plaintiffs do argue that Defendant had a motive to provide false information, and inferentially, intent, but that argument is not supported by any summary judgment evidence that relates to the false copyright information about which Arnold Martinez and Jose Guzman complain in this case. As for Arnold Martinez' argument that Defendants also falsely failed to attribute ownership or authorship credit to Enriqueta "Katy" Martinez on the songs and compositions attributed to Gilbert Martinez, Jr. (her husband), there is no such claim in Plaintiffs' Fifth Amended Complaint related to those allegations, and, in any event, there is also no summary judgment evidence that any failure to attribute credit to Enriqueta "Katy" Martinez was intentional.

Additionally, and uncontroverted by the summary judgment evidence Plaintiffs have submitted, is the expiration of the limitations period with respect to the claims under § 1202. Arnold Martinez testified that *"No Temas Al Amor"* was recorded by Ramon Ayala in 1985, and that he was aware, at that time, that Defendants improperly attributed authorship of that song to Gilbert Martinez, Jr. *See* Deposition of Arnold Martinez (Document No. 258-3) at 81-86. Similarly, Jose Guzman testified that he found out in 1992 about the album that contained his song *"Triste Aventurera"* under the title *"Cartas de Amor."* *See* Deposition of Jose Guzman (Document No. 258-6) at 4. Because a violation of § 1202 has a three year statute of limitations, 17 U.S.C. § 507(b); *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., LLC*, No. 11-CV-726 (CBA), 2013 WL 4409434 at *32 n. 56 (E.D.N.Y. Aug. 2, 2013), and because the uncontroverted summary judgment evidence in the record shows that Arnold Martinez and Jose Guzman knew about the alleged § 1202 violations more than three years prior to asserting a claim under § 1202, Defendants are also, based on the expiration of the statute of limitations, entitled to summary judgment on Plaintiffs Arnold Martinez' and Jose Guzman's claims under the Digital Millennium Copyright Act.

**Conclusion and Recommendation**

Based on the foregoing, and the conclusion that the summary judgment evidence does not raise a genuine issue of material fact on an essential element of a claim under 17 U.S.C. § 1202(a), (b), and that the claims are barred in any event by the three year statute of limitations, the Magistrate Judge

RECOMMENDS that Defendants' Motion for Summary Judgment (Document No. 258) be GRANTED in Defendants' favor on the claims of Plaintiffs Arnold Martinez Individually and Jose Guzman for violations of the Digital Millennium Copyright Act.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this ___12th___ day of December, 2014.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE