IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARY GUAJARDO, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | CIVIL ACTION NO. H-10-2024 |
| § | MEMBER CIVIL ACTION NOS. |
| FREDDIE RECORDS, INC., et al., § | H-10-2995 and H-11-1774 |
| § | |
| Defendants. § | |

## ORDER

Before the Magistrate Judge upon referral from the District Judge is Defendants' Amended Motion to Exclude Testimony of Plaintiffs' Expert Wayne C. Coleman (Document No. 348), and Defendants' Amended Motion to Strike Plaintiffs' Expert Designation of Paul Gilbert (Document No. 349). Defendants' Motion to Exclude Testimony of Coleman is based on relevance and reliability arguments and Defendants' Motion to Strike Gilbert is based on the untimeliness of Gilbert's expert report. Having considered both motions, Plaintiffs' responses (Document Nos. 380 and 381), the claims and parties remaining in this case, and the expertise of both Coleman and Gilbert, it is

ORDERED that Defendants' Amended Motion to Exclude Testimony of Plaintiffs' Expert Wayne C. Coleman (Document No. 348) is DENIED. Plaintiffs' expert, Wayne C. Coleman, is well qualified to provide testimony and opinions about music industry practices and "royalty compliance." In addition, any opinions he has about those two subjects (music industry practices and royalty compliance) are based on his knowledge and experience and not on any particular methodology. As such, he should be allowed to testify about both music industry practices and royalty compliance. Any opinions and/or testimony about issues that fall outside of those two

subjects, including opinions on any particular damage calculations related to the copyright infringement claims that remain, may be subject to exclusion at trial through either a motion in limine and/or a contemporaneous objection. That is because Coleman's expert report, which was prepared and provided to Defendants in September 2014, does not contain particularized damage calculations for the claims that remain and Coleman's opinions as to any calculable damages was limited to his assessment at that time that more data/discovery was needed. It is further

ORDERED that Defendants' Amended Motion to Strike Plaintiffs' Expert Designation of Paul Gilbert (Document No. 349) is DENIED. Gilbert was timely designated as an expert. His expert report was, through inadvertence or otherwise, not provided to Defendants by the deadline set forth in the Docket Control Order. Defendants, however, did not bring that inadvertence to Plaintiffs' attention for two months, and then moved to strike Gilbert as an expert. Because Gilbert was timely designated as an expert, and Defendants have now had his report for over six months and were provided with such promptly when advised by Defendants that his report had not been produced, Defendants cannot show that the untimely production of that report has prejudiced them in any way. As for Defendants' relevancy and cursory reliability arguments for striking Gilbert, neither has merit. Gilbert is qualified and has sufficient experience to testify about music industry practices. As with Coleman, specific topic or subjects may, however, be subject to exclusion through a motion in limine and/or contemporaneous objections at trial.

Signed at Houston, Texas, this _____ day of June, 2015.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE