UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY GUAJARDO, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-2024 |
| | § | |
| FREDDIE RECORDS, INC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM & OPINION**

Pending before the court are Defendants' motions to dismiss (Dkts. 360, 386, 391, 393), Plaintiffs' motion for leave to amend (Dkt. 390), Defendants' motion to strike Plaintiffs' responses (Dkt. 401), and various objections to each party's witness and exhibit lists (Dkts. 348, 349, 396, 397, 398, 399). Having considered the motions, responses, record, oral arguments, and applicable law, Defendants' motion to strike is **DENIED**, Defendants' amended motions to exclude Plaintiffs' expert witnesses (Dkt. 348, 349) are **DENIED**, Defendants' motions to dismiss are **GRANTED IN PART** and **DENIED IN PART**, Plaintiffs' motion for leave to amend is **DENIED**, and all remaining objections to witness and exhibit lists will be addressed at trial.

**I. BACKGROUND**

This lawsuit was originally filed on June 8, 2010 by Gary Guajardo. Dkt. 1. By the filing of the fifth amended complaint on November 2, 2012, the number of plaintiffs had grown to twelve, with some of those suing in their personal capacity as well as in a representative capacity for deceased individuals. Dkt. 154. Through a series of dispositive motions, the majority of Plaintiffs' claims have been dismissed (Dkt. 307) or summary judgment has been granted in Defendants' favor. Dkts. 308, 309, 310, 311, 312, 313. The only remaining plaintiff is Arnold Martinez, who is

asserting claims individually and on behalf of the estates of Gilbert Martinez and Enriqueta "Katy" Martinez against Defendants Freddie Records, Inc. n/k/a Big F, Inc., Freddie Martinez, Sr., d/b/a Marfre Music Publishing, Freddie Martinez, Jr., John Martinez, and Marc Martinez. Dkt. 391.

Arnold Martinez's individual claims are limited to a breach of contract claim and equitable or declaratory relief as plead in the fifth amended complaint. Martinez's claims on behalf of the estates consist only of equitable or declaratory relief as plead in the fifth amended complaint.

## II. ARGUMENTS & ANALYSIS

### A. Defendants' Motion to Strike Late-Filed Pleadings

Defendants move to strike Plaintiffs' responses to the pending motions to dismiss as untimely. On September 15, 2015, the court issued an order stating that "[e]ach party shall file a response to these motions no later than noon on Monday, September 21, 2015." (Dkt. 392). Plaintiffs filed their responses a few hours after the noon deadline (2:54 p.m. and 3:54 p.m., respectively) on September 21, 2015. In their response to the motion, Plaintiffs explained that they inadvertently overlooked the noon deadline. Dkt. 402. Defendants have failed to show how this minor delay caused Defendants any harm or prejudice. Defendants' motion to strike is **DENIED.**

### B. Defendants' Motions to Dismiss Arnold Martinez's Individual Claims

At the status conference, counsel for Arnold Martinez clarified his understanding that Martinez's remaining individual claims include (i) a breach of contract claim and (ii) equitable claims (i.e., rescission) relating to a contract entered into between Martinez and the Defendants in 2008, along with any other agreement related to songs composed by Arnold Martinez that defendants claim they have a right to exploit.

Counsel for Defendants clarified that they seek to dismiss Martinez's individual equitable claims (i.e., rescission and impoundment of infringing materials) but do not seek dismissal of Martinez's breach of the 2008 contract claim.

**1. Rescission Claim**

Defendants argue that Martinez is not entitled to rescission as a matter of law because all of Martinez's fraud-based claims have been dismissed. Dkt. 391.

It is generally accepted that the equitable relief of rescission will not be granted for mere breach of contract in the absence of fraud. *Crabtree v. Burkett*, 433 S.W.2d 9, 12 (Tex. Ct. App. 1968) ("Though there are some exceptions to the rule, it is held generally that the equitable relief of rescission will not be granted for a mere breach of contract in the absence of a finding of fraud."). Although fraud may be the most common basis for rescinding a contract, a showing of fraud is not required. "An otherwise legal contract can be set aside by rescission due *to fraud, mistake, or some other reason* when it is necessary to avoid unjust enrichment, so that the status quo of the parties prior to the contract is restored." *Isaacs v. Bishop*, No. 06-05-0092-cv, 2008 WL 680795, at *5 (Tex. App.–Texarkana March 14, 2008, no pet. h.) (emphasis added).

Arnold Martinez asserts a breach of contract claim for the 2008 exclusive songwriters' agreement entered into with Defendants related to the song "*No Temas Al Amor*." Martinez's fraud and fraudulent inducement claims relating to this agreement have already been dismissed. Dkts. 185, 191. However, Martinez's rescission claim is not based solely on fraud. For example, Martinez asserts that Defendants' lack of fair dealing justifies rescission. Moreover, as counsel for Defendants acknowledged at the status conference, courts have held that in certain instances rescission may be

3

an available remedy for unconscionable[1] contracts. *See, e.g.*, *Ledig v. Duke Energy Corp.*, 193 S.W.3d 167, 175 (Tex. App. 2006) (finding that equity may permit rescission based on a unilateral mistake when the mistake is of so great a consequence that to enforce the contract would be unconscionable). Accordingly, Defendants' motion to dismiss Martinez's rescission claim is **DENIED**.

**2. Impoundment of Infringing Materials Claim**

In relation to Martinez's claims of violations of the Digital Millennium Copyright Act (17 U.S.C. §1202(a) or (b)), Arnold Martinez seeks the "impound[ment] and disposition of all Freddie Records, Inc. albums containing "*No Temas Al Amor*" that incorrectly credit any person other than Arnold Martinez as the composer." Dkt. 154 at 90.

The Copyright Act provides for: (a) injunctive relief (17 U.S.C. § 502), and (b) the impoundment and destruction "or other reasonable disposition" of all infringing copies "and all plates, molds, matrices, masters, tapes, file negatives, or other articles by means of which such copies...may be reproduced." 17 U.S.C. § 503(b). Fatal to Plaintiffs' claims for impoundment of infringing materials is the dismissal of all of his copyright infringement claims. (Dkts. 309, 313). Arnold Martinez does not have a right to this equitable relief under the Copyright Act.

Defendants motion to dismiss Martinez's individual claims is **GRANTED** to the extent that Martinez's impoundment of infringing materials claim is dismissed.

---

[1] Although Martinez's complaint does not expressly plead unconscionability, the complaint alleges facts that, if proven, may justify rescission of the contract.

**C. Arnold Martinez's Claims on Behalf of the Estates of Gilbert and Katy Martinez**

Defendants move to dismiss Martinez's claims on behalf of the estates for a variety of reasons. The court will first address the threshold issue of whether Arnold Martinez has standing to represent each of his deceased parent's estate.

**1. Standing**

The standing issue was first raised in Defendants' motion to dismiss dated May 4, 2015. Dkt. 360. Defendants argued that Arnold Martinez's claims on behalf of the estates of Gilbert Martinez and Enriqueta "Katy" Martinez must be dismissed for lack of standing based on the inability to join an indispensable party. *Id*. at 4 (quoting *Haas v. Jefferson Nat. Bank of Miami Beach*, 442 F.2d 394, 396 (5th Cir. 1971) ("It is settled that failure of the district court to acquire jurisdiction over indispensable parties to an action deprives 'the court of jurisdiction to proceed in the matter and render a judgment.'")).

As Defendants pointed out, generally a suit to recover probate estate property may be brought only by a personal representative. *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998). The independent administrator of the estate has standing to sue in that capacity for the recovery of any property belonging to an estate. *See Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971) (finding the general rule that personal representative of estate of decedent is the only person entitled to sue for recovery of property belonging to estate applies to suits to recover damages for breach of contract entered into by decedent during his lifetime).

At the time the standing issue was first raised, Katy Flores, Katy Martinez's granddaughter, was the proposed independent administrator of Katy Martinez's probate estate. Katy Martinez died on February 6, 2010, and on May 30, 2014, Katy Flores filed an Application For Letters Of

5

Independent Administration And Appointment Of Independent Administrator Pursuant To Texas Estates Code § 401.003(a). Based on these circumstances, the court deferred ruling on Defendants' motion to dismiss (Dkt. 360) in order to allow Plaintiffs to obtain an order from the probate court and move to amend the pleadings if necessary. Dkt. 384.

There is a common law exception to the general rule that only the personal representative of estate of the decedent is entitled to sue for recovery of property belonging to estate. The so-called "*Shepherd*" exception provides:

> [G]enerally, personal representatives of the decedent's estate are the only people entitled to sue to recover estate property. *See Frazier v. Wynn,* 472 S.W.2d 750, 752 (Tex. 1971). However, circumstances can exist when an heir may have standing to bring suit on behalf of the decedent's estate. **Heirs at law can maintain a survival suit during the four-year period the law allows for instituting administration proceedings if they allege and prove that there is no administration pending and none necessary.**

*Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998) (emphasis added); *see also Pratho v. Zapata*, 157 S.W.3d 832, 839 (Tex. App. 2005) ("An exception to this general rule allows an heir, rather than the estate's personal representative, to sue to recover estate property when the heir pleads and proves that there is no estate administration pending and none is necessary.").

On September 14, 2015, the Hidalgo County probate court declared that Arnold Martinez is an heir of both Gilbert Martinez and Katy Martinez. Dkt. 390, Exs. 1 & 2.

Standing is determined at the time a lawsuit is filed. Although not officially declared an heir until September 14, 2015, Arnold Martinez was an heir when he filed the fifth amended complaint on November 2, 2012. Dkt. 154. Moreover, the other heirs' (of Gilbert and Katy Martinez) interests are represented by Arnold Martinez pursuant to executed powers of attorney. Dkt. 390. At the status

conference, counsel for Plaintiffs represented that these powers of attorney existed at the time that the fifth amended complaint was filed.

The fifth amended complaint states that Arnold Martinez was filing the lawsuit "on behalf of the estates of Gilbert Martinez, Jr., Deceased, and Enriqueta "Katy" Martinez, Deceased, and the Gilbert Martinez Heirs." *Id*. at 79. The complaint also identifies Arnold Martinez as the son of Gilbert and Katy Martinez.

At the status conference, counsel for Defendants was adamant that no estate existed for either Gilbert or Katy Martinez. Counsel further represented that Judge Garza, the probate judge in Hidalgo County, was inclined to deny the estates for both Gilbert and Katy Martinez, but instead allowed Plaintiffs' counsel to withdraw the motions seeking administration of the estates.

Arnold Martinez, an heir at law, brought this suit in November of 2012, during the four-year period the law allows for instituting administration proceedings. Based on the court's knowledge, no one filed an application to administer the estate until Katy Flores's application on May 30, 2014. Presumably this means that there was no pending administration of the estate at the time the fifth amended complaint was filed.

Based on Defendants' counsel's assertions that (i) there is currently no estate and (ii) the probate judge was inclined to deny Katy Flores' application, the court will infer (for the purpose of determining Defendants' motion to dismiss) that administration of the estate was not necessary at the time of filing. Given these circumstances, Arnold Martinez appears to satisfy the exception to the rule that only the personal representative of estate of the decedent is entitled to sue for recovery of property.

**2. Estates' Rescission Claims**

The rescission claims asserted on behalf of the estates fail as a matter of law. Martinez seeks to rescind two separate contracts entered into between Gilbert Martinez and Defendants in the 1980s. However, the estates' underlying breach of contract claims associated with these contracts have already been dismissed as barred by the statute of limitations. Dkts. 308, 322. In addition to breach of contract claims, a suit for rescission must be brought within four years of the time the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.051; *see Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex. 1990). Accordingly, the claims for rescission (asserted on behalf of the estates of Gilbert and Katy Martinez) are also barred by the statute of limitations.

**D. Plaintiffs' Motion for Leave to Amend**

In light of the Probate Judge's declaration of heirship and Katy Flores's withdrawal of her application to be an independent administrator for Gilbert Martinez's and Katy Martinez's estates, Plaintiffs seek leave to amend in order to join the other Martinez heirs as plaintiffs in their individual capacities. Dkt. 390.

Defendants argued, *inter alia*, that an amendment adding these parties would be futile because the Martinez heirs' claims cannot relate back under Rule 15 and thus would be time-barred by the statute of limitations.

Fed. R. Civ. Pro. 15(c) provides a limited set of circumstances in which an amended claim "relates back" to the filing of an original complaint, for purposes of limitations statutes and otherwise. "Fed. R. Civ. P. 15(c)(3) allows an amended pleading to relate back when: (1) it changes the party or the naming of the party; (2) the claim arose out of the conduct, transaction, or occurrence

in the original pleading; (3) the party brought in by the amendment has received notice so that the party will not be prejudiced in maintaining a defense on the merits; **and** (4) the party knew or should have known that, but for a **mistake** concerning the identity of the proper party, the action would have been brought against the party." *SMS Fin., LLC v. ABCO Homes, Inc.*, 167 F.3d 235, 244–45 (5th Cir.1999) (emphasis added). The rule is in the conjunctive and requires that each element be satisfied in order for an amendment to relate back.

While the Fifth Circuit has extended the relation-back provisions of Rule 15(c)(1)(C) to amendments changing the identities of *plaintiffs*, the type of changes permitted are limited to corrections of misnomers or misdescriptions. *See, e.g., SMS Fin., LLC*, 167 F.3d at 245 (noting that the requirements for establishing relation-back when amending to add defendants "extends by analogy to amendments changing plaintiffs").

Plaintiffs have not alleged the "mistake of identity" requirement because it cannot legitimately be plead in this instance. Indeed, at the status conference counsel for Plaintiffs admitted that relation-back would be an issue for the added plaintiffs.

The Fifth Circuit has interpreted "futility" in the context of Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

Because relation-back is unavailable, each of the added parties' claims would be barred by the applicable statute of limitations. Plaintiffs' motion to amend was filed on September 14, 2015, well after the statute of limitations expired on each of the added parties' claims. Accordingly, Plaintiffs' motion to amend is **DENIED**.

**E. Defendants' Objections to Plaintiffs' Witnesses**

Magistrate Judge Stacy denied Defendants' original motion to strike Plaintiffs' Expert Paul Gilbert (Dkt. 257) and Defendants' original motion to exclude Plaintiffs' expert Wayne Coleman (Dkt. 259). Dkt. 338. On April 21, 2015, Defendants filed amended motions to exclude the testimony of each expert. Dkts. 348, 349. For the reasons stated in Judge Stacy's order issued on June 8, 2015 (Dkt. 382), Defendants' amended motions to exclude Plaintiffs' experts are **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to amend is **DENIED** (Dkt. 390), Defendants' motion to strike (Dkt. 401) is **DENIED**, Defendants' amended motions to exclude Plaintiffs' expert witnesses (Dkt. 348, 349) are **DENIED**, and Defendants' motions to dismiss (Dkts. 360, 386, 391, 393) are **GRANTED** as to (i) the rescission claims asserted on behalf of the estates of Gilbert and Katy Martinez and (ii) Martinez's individual claim for impoundment of infringing materials; Defendants' motions to dismiss are **DENIED** as to all remaining claims.

It is so **ORDERED**.

Signed at Houston, Texas on September 25, 2015.

_____
Gray H. Miller
United States District Judge